

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-0364-10

**JULIO CESAR PUENTE, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTEENTH COURT OF APPEALS
## HARRIS COUNTY

PRICE, J., delivered the opinion of the Court in which WOMACK, JOHNSON, HOLCOMB and COCHRAN, JJ., joined. KEASLER, J., filed a concurring opinion in which KELLER, P.J., and HERVEY, J., joined. HERVEY, J. filed a concurring opinion in which KELLER, P.J., and KEASLER, J., joined. MEYERS, J., did not participate.

## O P I N I O N

In this aggravated sexual-assault case, the State moved to amend the indictment, and the trial court granted the motion. The Fourteenth Court of Appeals asserted that the indictment was amended accordingly by striking out certain words "on a copy of the

indictment."[1]  On petition for discretionary review, the State now claims, *inter alia*, that the record does not bear out the court of appeals's assertion that "a copy of the indictment" was altered.  In fact, only the written judicial confession in the documents supporting the appellant's guilty plea was actually altered.  We must decide, therefore, whether the physical alteration of a written judicial confession may be regarded as an amendment to the indictment in contemplation of Articles 28.10 and 28.11 of the Texas Code of Criminal Procedure.[2]

## PROCEDURAL POSTURE

The appellant was charged by indictment with the felony offense of aggravated sexual assault of a child for "THE PENETRATION OF THE ANUS of [J.C.], a child younger than six years of age . . . WITH FINGER."  This allegation charged the appellant with a first-degree felony offense,[3] but with an enhanced minimum punishment of twenty-five years confinement in the penitentiary by virtue of the allegation that the child who was sexually assaulted was younger than six years of age.[4]  The appellant and the State entered into plea

---

[1]  *Puente v. State*, No. 14-08-01011-CR, 2010 WL 46534 (Tex. App.—Houston [14th Dist.] January 7, 2010) (mem. op.) (Slip op. at 6) (not designated for publication).

[2]  TEX. CODE CRIM. PROC. arts. 28.10 & 28.11.

[3]  *See* TEX. PENAL CODE § 22.021(a)(1)(B)(i), (a)(2)(B), & (e) ("A person commits an offense . . . if the person . . . intentionally or knowingly . . . causes the penetration of the anus . . . of a child by any means . . . and . . . if . . . the victim is younger than 14 years of age[.]  * * *  An offense under this section is a felony of the first degree.").

[4]  *See* TEX. PENAL CODE § 22.021(f)(1) ("The minimum term of imprisonment for an offense under this section is increased to 25 years if . . . the victim of the offense is younger than six years of age at the time the offense is committed[.]").

negotiations. From what we are able to gather from the record, the appellant agreed to plead guilty to the first-degree felony offense of aggravated sexual assault of a child—unenhanced, however, by the allegation that the child was younger than six years of age—in exchange for a sentence of twenty-one years. Such an agreed punishment would not have been available for a conviction of aggravated sexual assault of a child younger than six years of age, because it is a lesser term of years than the minimum term of imprisonment of twenty-five years that is applicable for a victim of that age. Accordingly, the State proposed to amend the indictment, apparently in an attempt to have it reflect the first-degree felony offense of sexual assault of a child younger than fourteen years of age, without including the mandatory-minimum enhancing circumstance that the child was also younger than six years of age. At the plea hearing, the trial court acknowledged that the parties had agreed to such an amendment of the indictment, and the trial court approved the amendment.[5]

However, neither the indictment itself nor a copy of it was actually amended in accordance with the agreement of the parties. Instead, the prosecutor manually struck certain language from the written judicial confession contained in the "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" that was entered into evidence in support of the guilty plea. As amended (and showing the strike-out), the judicial confession acknowledges that the appellant "did [on the alleged date] unlawfully, intentionally and

---

[5] *See* TEX. CODE CRIM. PROC. art. 28.11 ("All amendments of an indictment or information shall be made with the leave of the court and under its direction.").

knowingly cause THE PENETRATION OF THE ANUS of [J.C.], ~~a child younger than six years of age~~ . . . WITH FINGER." Underneath the judicial confession as thus altered appears the handwritten notation: "State moves to amend the indictment as reflected above." But nowhere in the record do we find either that the indictment itself was actually altered in any way or that a copy of the indictment with the agreed changes noted on it was introduced memorializing such an amendment. Based upon the unamended indictment and the appellant's judicial confession, the trial court nevertheless accepted the appellant's plea, found him guilty of aggravated assault of a child, and set his punishment at the agreed twenty-one-year term of imprisonment.

On direct appeal, the appellant argued that his twenty-one year prison sentence was illegal because unauthorized. He argued that the amendment to the judicial confession constituted a valid amendment to the indictment and that, as thus amended, namely, by striking the language "a child younger than six years of age," the indictment alleged only the second-degree felony offense of sexual assault of a child under Section 22.011(a)(2)(A) of the Penal Code, which carries a maximum sentence of twenty years.[6]

---

[6] The appellant is mistaken that the indictment as thus amended would have alleged the second-degree felony offense of sexual assault of a child. Had the indictment actually been amended as reflected in the alteration to the judicial confession, it would have alleged that the appellant "did . . . unlawfully, intentionally and knowingly cause THE PENETRATION OF THE ANUS of J.C., . . . WITH FINGER." This language fails to allege a complete offense, because it alleges neither that the actor lacked the victim's consent nor that the victim was younger than seventeen. *See* TEX. PENAL CODE § 22.011(a) & (c)(1). Therefore, had the indictment been amended as reflected in the judicial confession, and the appellant had objected to it under TEX. CODE CRIM. PROC. art. 1.14(b), it would have supported *neither* a conviction for aggravated sexual assault of a child *nor* a conviction for sexual assault of a child.

The court of appeals agreed. In its unpublished opinion, however, the court of appeals

misread the record, as follows:

> On October 21, 2008, the State submitted the amendment to the indictment by physically striking through the words "a child younger than six years of age" *on a copy of the indictment.* Appellant did not object to the amendment. The trial court subsequently approved the amendment. Therefore, the indictment was properly amended.[7]

Finding that this amendment to the indictment had the effect of reducing the charge against

the appellant to the second-degree offense of sexual assault, the court of appeals concluded

that the appellant's sentence was indeed unauthorized, and therefore, illegal.[8] Accordingly,

---

One adjudged guilty of a second-degree felony offense of sexual assault of a child faces a prison sentence for "any term of not more than 20 years or less than 2 years." TEX. PENAL CODE § 12.33(a). The appellant argues that, in order to effectuate the true intent of the parties, the amendment should have struck only the words "younger than six years of age." By also striking the words "a child," he maintains, the amendment had the effect of alleging only the second-degree felony of sexual assault. We note, however, that, even had the words "a child" *not* been struck, the amendment would still have alleged only a second-degree sexual assault. Penetration of the anus of a "child" only amounts to a sexual assault unless it can be shown that the "child" is also younger than fourteen years of age. *See* TEXAS PENAL CODE § 22.011(a)(2)(A) & (c)(1) ("A person commits an offense if the person . . . intentionally or knowingly . . . causes the penetration of the anus . . . of a child by any means[.] * * * In this section . . . "Child" means a person younger than 17 years of age[.]"). The best way for the parties to have changed the allegation to allow the appellant to plead guilty in exchange for a twenty-one-year sentence would have been simply to strike the word "six" and replace it with the word "fourteen." *See* TEXAS PENAL CODE § 22.021(a)(2)(B) (intentional or knowing penetration of a child's anus is an aggravated offense if "the victim is younger than 14 years of age[.]"). This would have raised the sexual assault of a child to a first-degree aggravated sexual assault, but would not have subjected the appellant to the mandatory twenty-five-year minimum term of imprisonment.

[7] *Puente v. State*, *supra* (Slip op. at 6) (emphasis added).

[8] *Id.* (Slip op. at 6-7). The court of appeals explained:

> A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State*, 119 S.W.3d 804, 806 (Tex.

the court of appeals set the conviction aside, ordered the parties "returned to their respective positions before the 'guilty' plea was entered," and remanded the cause for further proceedings.[9] We granted the State's petition for discretionary review, *inter alia*, to address its contention that the amendment to the judicial confession did not amount to an amendment to the indictment. We agree with the State that an amendment to the written judicial confession that was introduced in support of the guilty plea does not amount to an amendment to the indictment. We therefore reverse.

## ANALYSIS

A person commits sexual assault if, *inter alia*, the person "intentionally or knowingly . . . causes the penetration of the anus . . . of a child by any means," a child being "a person younger than 17 years of age[.]"[10] This is a second-degree felony, punishable by a term of

---

Crim. App. 2003) (en banc); *Ex parte Seidel*, 39 S.W.3d 221, 225 n.4 (Tex. Crim. App. 2001) (en banc). A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus. *Mizell*, 119 S.W.3d at 806. Appellant was sentenced to confinement for 21 years. Because the amended indictment only alleged the offense of sexual assault, the maximum penalty appellant could have been sentenced to is confinement for 20 years. *See* Tex. Penal Code Ann. §§ 12.33(a), 22.011(f). Therefore, appellant's sentence is illegal. *See Mizell*, 119 S.W.3d at 806; *Ex parte Seidel*, 39 S.W.3d at 225 n.4. When punishment pursuant to a negotiated plea agreement exceeds the statutory maximum, the proper relief is to return the parties to their respective positions before the guilty plea was entered. *Ex parte Rich*, 194 S.W.3d 508, 515 (Tex. Crim. App. 2006); *Ex parte Beck*, 922 S.W.2d 181, 182 (Tex. Crim. App. 1996) (per curiam).

*Id*. (Slip op. at 7).

9

  *Id*. (Slip op. at 8).

10

  Tex. Penal Code §§ 22.011(a)(2)(A) & ( c )(1).

two to twenty years in the penitentiary.[11] A person commits the offense of *aggravated* sexual assault if, *inter alia*, the person "intentionally or knowingly . . . causes the penetration of the anus . . . of a child by any means" and "the victim is younger than 14 years of age."[12] This offense is a felony of the first degree, carrying a punishment range of five to ninety-nine years or life in the penitentiary.[13] But the five-year minimum term of imprisonment for this first-degree felony "is increased to 25 years if . . . the victim of the offense is younger than six years of age at the time the offense is committed[.]"[14] The indictment in this cause originally alleged that the appellant caused the penetration of the anus of a child less than six years old, thereby charging him with a first-degree felony with a minimum term of punishment of twenty-five years.

But a victim who is younger than six years of age is also, by definition, younger than fourteen years of age. Sexual assault of a fourteen-year-old is, in essence, a lesser-included offense of sexual assault of a six-year-old. Therefore, the original indictment was already, without the necessity of an amendment, sufficient to authorize conviction for the unenhanced

---

[11] TEX. PENAL CODE §§ 12.33(a) & 22.011(f).

[12] TEX. PENAL CODE §§ 22.021(a)(1)(B)(i), (2)(B).

[13] TEX. PENAL CODE §§ 12.31 & 22.021(e).

[14] TEX. PENAL CODE §§ 22.021(e), (f)(1).

first-degree felony of sexual assault of a child younger than fourteen years of age.[15]  If the indictment was never amended in this case, then there is nothing illegal about the appellant's twenty-one-year sentence.  The key inquiry in this case therefore devolves into whether the court of appeals erred to conclude that the indictment was in fact ever amended, such that the appellant was charged with the second-degree offense of sexual assault rather than the first-degree offense of aggravated sexual assault of a child under the age of six.  If the indictment was in fact amended, the judgment entered at the trial court level may well have been illegal.  However, if the indictment was *not* amended, the sentence entered by the trial judge pursuant to the plea agreement was permissible, and we should reverse the court of appeals's judgment.[16]

Articles 28.10 and 28.11 of the Code of Criminal Procedure allow for the possibility of amending an indictment and supply the procedure to be followed for successful

---

[15]
*See Allison v. State*, 618 S.W.2d 763, 764-65 (Tex. Crim. App. 1981) (indictment alleging burglary of a habitation will authorize conviction for lesser-included offense of burglary of a building without necessity of an amendment to the indictment); *Hardie v. State*, 79 S.W.3d 625, 631-32 (Tex. App.—Waco 2002, pet. ref'd) (indictment need not be amended or altered at all to support conviction for lesser-included offense).

[16]
Because we will hold that the indictment was in fact *not* amended, we need not address whether the court of appeals should nevertheless have affirmed the trial court's judgment on some other basis such as estoppel.  The State has argued alternatively that the appellant, having agreed with the State to amend the indictment in a way that would support a twenty-one-year sentence, should now be estopped from arguing that his sentence is illegal because no such amendment was successfully accomplished.  Our disposition makes it unnecessary to resolve this alternative argument.

amendment.[17]  In *Riney v. State*, this Court conducted an analysis of Articles 28.10 and

28.11.[18] To the extent that *Ward v. State*[19] had required physical interlineation of the original

indictment found in the clerk's file as the exclusive method of amendment, *Riney* overruled

*Ward*.[20]  The Court then explained an alternative method for amending an indictment:

> It is acceptable for the State to proffer, for the trial court's approval, its amended version of a photocopy of the original indictment.  If approved, the amended photocopy of the original indictment need only be incorporated into the record under the direction of the court, pursuant to Article 28.11, with the knowledge and affirmative assent of the defense.  This version of the indictment would then become the "official" indictment in the case, and it would continue to state, presumably in "plain and intelligible" language, the nature and cause of the accusation.[21]

The Court in *Riney* then noted that *Ward* would "continue[] to stand for the proposition that

'[n]either the motion [to amend] itself nor the trial judge's granting thereof is an amendment;

rather the two comprise the authorization for the eventual amendment of the charging

instrument pursuant to Article 28.10.'"[22]

---

[17] TEX. CODE CRIM. PROC. arts. 28.10, 28.11.

[18] *Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000).

[19] *Ward v. State*, 829 S.W.2d 787 (Tex. Crim. App. 1992), *overruled in part* by *Riney v. State*, 28 S.W.3d 561 (Tex. Crim. App. 2000).

[20] *Riney*, 28 S.W.3d at 566.

[21] *Id*. at 565-66.

[22] *Id*. at 566.

Our holding in *Riney* did not necessarily rule out the possibility that there could be *other* valid methods to amend an indictment. We need not decide that question today. Regardless of whether there may be legitimate ways to amend an indictment other than to make changes directly to the original indictment or to place an amended duplicate into the record, we do not believe that manual changes to a written judicial confession should suffice under any circumstances. A judicial confession in a guilty plea, even when it is reduced to writing, is decidedly *not* a charging instrument, nor may it serve as a reasonable facsimile for one. Its purpose is altogether different than that of a criminal pleading. A written judicial confession provides *evidentiary* support for a plea of guilty to the charges alleged in the indictment or to some lesser included offense of that which is alleged in the indictment.[23] Any change or interlineation to the written judicial confession serves to change the evidence offered in support of the plea, not the content of the charging instrument. It would complicate matters intolerably to hold that a change or alteration to a written judicial confession may also (or alternatively) serve as an amendment to the pleading itself.

## CONCLUSION

We hold that the State's request to amend the indictment and the trial court's granting that request did not serve to amend the indictment where alterations were made solely to the

---

[23] *See, e.g.*, *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (a "sworn written statement" acknowledging guilt of the charged offense is one form of permissible evidence that may be entered in support of guilty plea in a felony case to satisfy the statutory requirement, under TEX. CODE CRIM. PROC. art. 1.15, that the State introduce evidence substantiating guilt).

written judicial confession.  Therefore, the appellant's sentence was authorized, and the court of appeals erred in vacating the trial court's judgment.  We reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

DELIVERED:        September 22, 2010
PUBLISH