In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00037-CR

                                                ______________________________

 

 

                             EDWIN JEFFREY HENDRICKS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 354th
Judicial District Court

                                                              Hunt County, Texas

                                                            Trial
Court No. 26081

 

                                                           
                                       

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

            Edwin Jeffrey
Hendricks was charged in a two-count indictment with aggravated sexual assault
of a child and indecency with a child by contact.  A Hunt County jury found Hendricks guilty of
both counts.  The trial court sentenced
Hendricks to concurrent sentences of thirty-five years’ imprisonment for the
aggravated sexual assault and ten years for the second degree offense of
indecency with a child.  Hendricks’
appeal argues his double jeopardy right was violated, insufficiency of
evidence, and improper argument of the prosecutor.  We reverse the judgment for indecency with a
child and modify the judgment to delete that offense; otherwise we affirm the
judgment of the trial court. 

I.          Facts 

 

            Six-year-old
Mary Bennett[1] testified that
a man touched her private; she told the jury the man put his finger in her
private under her clothes.  Mary only
described this single incident of touching. 
A neighbor, Crystal Hurst, testified that when she took Mary to the
restroom at a store, the child cried out in pain when she went to the
bathroom.  Mary then said she did not
want to go to her home because there was a “bad man” there who “touches kids”;
Mary told Hurst that “Eddie” touched Mary where she went “pee-pee.”    

            Although Mary
told Hurst she had told her parents about the touching incident, Mary’s mother,
Laurie Emerson, said she knew nothing about the touching until told by
Hurst.  Emerson described the evening of
August 2, 2009, when Hendricks was at the home of Emerson and her boyfriend,
along with Mary and several other children, with Hendricks using Emerson’s
computer.  When Mary finally told Emerson
about the assault, she told her a man named “Rowdy” had done it; but she also
said it was the man “Daddy beat up,” referring to a fight that happened August
3 between Hendricks and Emerson’s live-in boyfriend.   

II.        Double Jeopardy 

 

            Hendricks’
first point of error complains he was subjected to double jeopardy when he was
punished for two crimes which really only consisted of one criminal act.  Mary’s testimony describes only a single
assaultive act:  that Hendricks touched
her private by putting his finger inside her private.  The State agrees this testimony describes
only one criminal act and concedes that a violation of the double jeopardy
guarantee was violated.  

            Hendricks
argues two convictions based on a single act violates the protection against
double jeopardy.[2]  In support, he cites Patterson v. State, 96 S.W.3d 427 (Tex. App.—Austin), aff’d, 152 S.W.3d 88 (Tex. Crim. App.
2004).   Although the Austin court’s
decision was based on double jeopardy grounds, the Texas Court of Criminal
Appeals affirmed the appellate court decision relying on statutory construction
grounds:  

The offenses enumerated by the legislature cover
a range of deviant sexual conduct, beginning with exposure and continuing
though [sic] sexual contact to penetration  and including incest and child
prostitution.  The scheme encompasses
escalation of abuse; no matter where in the range the perpetrator stops,
the offense is complete at that point.  That
is not to say that every offense in the range can in all cases be prosecuted as
a separate offense.  While it is clear
from the plain language of the various statutes that the legislature intended
harsh penalties for sexual abuse of children, there is nothing in the language
to suggest that it intended to authorize “stop-action” prosecution.  Just as a conviction for a completed offense
bars prosecution for an attempt to commit the same offense, a conviction for an
offense set out in § 3.03 bars conviction for conduct that, on the facts of the
case, is demonstrably part of the commission of the greater offense.  For example, indecency by genital exposure of
oneself in the course of manual penetration of another are separate offenses,
while penile contact with mouth, genitals, or anus in the course of penile
penetration will be subsumed.  Thus,
indecency by exposure may or may not be a part of sexual assault or indecency
by contact, depending on the facts of the case.

 

Patterson,
152 S.W.3d at 91–92 (citing Tex. Penal
Code Ann. § 3.03 (West 2011) (footnote omitted)).  Patterson was indicted for five
offenses:  two different acts of sexual
assault; two acts of indecency by contact; and one act of indecency by
exposure.  See Tex. Penal Code Ann.
§§ 21.11, 22.021 (West 2011).   The
testimony established Patterson twice assaulted the child victim over a short
period of time.  The Texas Court of
Criminal Appeals affirmed the Austin Court of Appeals, which affirmed the two
sexual assault convictions and one attempted indecency by contact, but reversed
one indecency by contact and the indecency by exposure allegation.   Patterson,
152 S.W.3d at 92.  The court of appeals “correctly
found that penetration required contact and reversed [the conviction for
indecency by contact].  . . . The record
. . . does not show an occasion during the assaults when the exposure was a
separate offense.  Under the facts of
these incidents, exposure was incident to and subsumed by the aggravated sexual
assault.”  Id.   

            This
Court, in a factually similar matter, found a violation of the double jeopardy
clause and reformed the judgment.  Belt v. State, 227 S.W.3d 339, 345 (Tex.
App.—Texarkana 2007, no pet.).  The State
agrees that the conviction for indecency, under the evidence of the case,
cannot be maintained along with the greater conviction for aggravated sexual
assault of a child.  The remedy here is
to reverse the conviction for lesser charge of indecency with a child.   We sustain Hendricks’ first point of error
and reverse the conviction for indecency with a child.

III.       Sufficiency of the Evidence—Date Alleged
in Indictment

 

            Hendricks
alleges that an attempted amendment of the indictment was invalid and the
evidence was insufficient to prove the date of the occurrence as described in
the original indictment.  We must first
determine whether the attempted amendment was effective. 

            The original
indictment alleged the offense occurred on or about August 17, 2009.  About three weeks before trial, the State
moved to amend the indictment, to allege the offense occurred on August 2,
2009.[3]  No physical alteration to the indictment was
made, and no photocopy with agreed changes was made part of the record.  See
Puente v. State, 320 S.W.3d 352, 357–58
(Tex. Crim. App. 2010) (although trial court approved parties’ agreement to
amend indictment, where no physical changes to indictment were made, and no
amended photocopy, just handwritten changes to defendant’s judicial confession,
such did not amount to an amendment of indictment); Riney v. State, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (neither
motion to amend indictment nor trial court’s granting of that motion comprises
amendment to indictment; motion and granting of motion simply are authorization
of eventual amendment).  

            Amendment
of a grand jury indictment has been addressed several times by the Texas Court
of Criminal Appeals.  Puente, 320 S.W.3d at 357–58; Riney, 28 S.W.3d at 566; Ward v. State, 829 S.W.3d 787 (Tex. Crim.
App. 1992).   While it is no longer
required that the original indictment be interlineated, the authorities require
that amendments be written documents filed in the record.  Here, one might think an amendment was
accomplished.  The State filed a written
motion asking to amend the date of the alleged criminal act; defense counsel
announced in open court that the defendant had no objection to the amendment;
finally, the trial judge stated, “The indictment then is amended by agreement.”  But no written document was filed in the
record memorializing the trial court’s ruling. 
While there may be other ways to amend an indictment, our present law
requires that the amendment be memorialized in a written document.  Head v.
State, 299 S.W.3d 414, 438 (Tex. App.—Houston [14th Dist.] 2009, pet. ref’d)
(summarizing cases requiring written document). 
Based on the record before us, Hendricks is correct:  the indictment was not amended.  Therefore, the original indictment remained
as the effective indictment.  

             Hendricks next argues that the evidence is
insufficient to prove Hendricks “guilty of an act committed on August 17, 2009,
when the proof, at best showed the alleged act was committed on August 2, 2009.”


            The State is
not required to allege a specific date in an indictment.  Sledge
v. State, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997) (citing Mitchell v. State, 330 S.W.2d 459, 462 (Tex.
1959)).   The “on or about” language is
sufficient, so long as the act occurred before the date of the presentation of
the indictment, but within the relevant limitations period.  Id.
at 256; Thomas v. State, 753 S.W.2d
688, 693 (Tex. Crim. App. 1988).  Even if
the indictment was not properly amended, the original indictment alleged an
offense date of August 17, 2009; the indictment was file-marked October 23,
2009.  Mary was six years old at the time
of trial.  Mary’s mother described events
occurring on August 2, 2009, which suggests Mary’s allegation occurred on that
date.  The record establishes the charged
offense occurred before the presentment of the indictment and within the
limitations period.   See generally Tex. Code Crim. Proc. Ann. art. 12.06 (West 2005); art. 12.01
(West Supp. 2010) (presentment of indictment; statute of limitations).  There was sufficient evidence to prove the
indictment’s allegation.  Here, only one
act was charged; since the State was not required to prove a particular date of
the offense, the hypothetically correct jury charge would instruct the jury the
State could prove that the charged offense was committed before, on, or after
the date alleged in the indictment so long as the date was before the date of
the indictment and within the applicable limitations period.  Ketchum
v. State, 199 S.W.3d 581, 589 (Tex. App.—Corpus Christi 2006, pet. ref’d) (citing
Mireless v. State, 901 S.W.2d 458, 459
(Tex. Crim. App. 1995)).  The evidence
sufficiently provided such proof.  Here,
the jury charge required the State to prove all essential elements; analyzed in
the construct of the hypothetically correct jury charge, the charge was not
erroneous.  Since the jury charge was not
erroneous, to the extent that Hendricks claims jury charge error, we overrule
that point.[4] 

IV.       Jury Argument

 

            In his
third point of error, Hendricks complains of the following statement made by
the prosecutor during closing argument:

So this is 
- -  I just tell you, there’s no
doubt in this case that the child was sexually assaulted.  None of the - - . . . .

 

Hendricks objected that the prosecutor was
presenting his opinion to the jury; the trial court overruled the objection. 

            Permissible jury argument
falls into one of four areas:  (1)
summation of the evidence; (2) reasonable deduction from the evidence; (3)
an answer to the argument of opposing counsel; or (4) a plea for law
enforcement.  Cannady v. State, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000).  Immediately before the statements of which
Hendricks complains, the State discussed the consistency in what Mary had told
her neighbor Hurst and what she told her parents and how Hendricks became a
suspect and was charged.  The prosecutor
reminded the jury that Mary had been subjected to a sexual assault examination,
and “[t]his is not something you make up to have a sexual assault examination
of a five-year-old little girl.”  Leading
into the complained-of argument, the prosecutor discussed the counseling Mary
had received:

She was in counseling for almost a year, since last
August, counseling about this event, and the sexual assault committed upon
her.  So this is - - I just tell you,
there’s no doubt in this case that the child was sexually assaulted.  None of the - - 

 

At this point, Hendricks objected.     

            When
viewed in the context of the State’s full argument, we find the State was summarizing
the evidence and making reasonable deductions from the evidence.   One purpose of final statements is to allow
advocates an opportunity to summarize the testimony heard by the jury and to
attempt to persuade the jury that the evidence leads to certain reasonable
deductions.  As the trial court
instructed the jury, “He can argue what he believes the evidence is or isn’t.  It’s up to you to decide that issue.”  Lawyers are permitted to express reasonable
deductions so long as they are based on the evidence in the record and do not
constitute unsworn testimony.  Penry v. State, 903 S.W.2d 715, 756
(Tex. Crim. App. 1995) (per curiam).  We
can find nothing in the State’s argument expressing anything more than a
summary of and deduction from the evidence, or at most, an opinion based on the
evidence.  See Thieu Quang Bui v. State,
964 S.W.2d 335, 345 (Tex. App.—Texarkana 1998, pet. ref’d) (although prosecutor
expressed his opinion defendant was dangerous, opinion was based on
evidence).  The trial court did not err
in overruling Hendricks’ objection.  We
overrule the third point of error. 

            We
reverse the conviction for indecency with a child and modify the judgment to
delete that offense.  In all other
respects, we affirm the judgment of the trial court. 

                        

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          August
8, 2011           

Date Decided:             August
18, 2011

 

Do Not Publish           

             

 

 

 











[1]A
pseudonym for the child victim used in the State’s indictment.  





[2]See U.S. Const. amend. V; Tex.
Const. art. I, § 14.  





[3]Mary’s
mother testified that events surrounding Mary’s description of the assault
occurred on August 2, 2009.  





[4]Hendricks
also incorrectly cites his burden, had charge error occurred.  Hendricks claims he objected to the jury
charge and thus would only have to establish some harm.  Abdnor
v. State, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994).  The record shows Hendricks specifically said
he had no objection to the trial court’s charge.  Were error present, in the absence of a
proper objection, Hendricks would have to demonstrate egregious harm.  Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh’g).