

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00037-CR

_____

EDWIN JEFFREY HENDRICKS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th Judicial District Court
Hunt County, Texas
Trial Court No. 26081

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Edwin Jeffrey Hendricks was charged in a two-count indictment with aggravated sexual assault of a child and indecency with a child by contact. A Hunt County jury found Hendricks guilty of both counts. The trial court sentenced Hendricks to concurrent sentences of thirty-five years' imprisonment for the aggravated sexual assault and ten years for the second degree offense of indecency with a child. Hendricks' appeal argues his double jeopardy right was violated, insufficiency of evidence, and improper argument of the prosecutor. We reverse the judgment for indecency with a child and modify the judgment to delete that offense; otherwise we affirm the judgment of the trial court.

I.    Facts

Six-year-old Mary Bennett[1] testified that a man touched her private; she told the jury the man put his finger in her private under her clothes. Mary only described this single incident of touching. A neighbor, Crystal Hurst, testified that when she took Mary to the restroom at a store, the child cried out in pain when she went to the bathroom. Mary then said she did not want to go to her home because there was a "bad man" there who "touches kids"; Mary told Hurst that "Eddie" touched Mary where she went "pee-pee."

Although Mary told Hurst she had told her parents about the touching incident, Mary's mother, Laurie Emerson, said she knew nothing about the touching until told by Hurst. Emerson described the evening of August 2, 2009, when Hendricks was at the home of Emerson and her

---
[1]A pseudonym for the child victim used in the State's indictment.

boyfriend, along with Mary and several other children, with Hendricks using Emerson's computer. When Mary finally told Emerson about the assault, she told her a man named "Rowdy" had done it; but she also said it was the man "Daddy beat up," referring to a fight that happened August 3 between Hendricks and Emerson's live-in boyfriend.

## II. Double Jeopardy

Hendricks' first point of error complains he was subjected to double jeopardy when he was punished for two crimes which really only consisted of one criminal act. Mary's testimony describes only a single assaultive act: that Hendricks touched her private by putting his finger inside her private. The State agrees this testimony describes only one criminal act and concedes that a violation of the double jeopardy guarantee was violated.

Hendricks argues two convictions based on a single act violates the protection against double jeopardy.[2] In support, he cites *Patterson v. State*, 96 S.W.3d 427 (Tex. App.—Austin), *aff'd*, 152 S.W.3d 88 (Tex. Crim. App. 2004). Although the Austin court's decision was based on double jeopardy grounds, the Texas Court of Criminal Appeals affirmed the appellate court decision relying on statutory construction grounds:

> The offenses enumerated by the legislature cover a range of deviant sexual conduct, beginning with exposure and continuing though [sic] sexual contact to penetration and including incest and child prostitution. The scheme encompasses escalation of abuse; no matter where in the range the perpetrator stops, the offense is complete at that point. That is not to say that every offense in the range can in all cases be prosecuted as a separate offense. While it is clear from the plain language of the various statutes that the legislature intended harsh penalties for

---

[2]*See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14.

3

sexual abuse of children, there is nothing in the language to suggest that it intended to authorize "stop-action" prosecution. Just as a conviction for a completed offense bars prosecution for an attempt to commit the same offense, a conviction for an offense set out in § 3.03 bars conviction for conduct that, on the facts of the case, is demonstrably part of the commission of the greater offense. For example, indecency by genital exposure of oneself in the course of manual penetration of another are separate offenses, while penile contact with mouth, genitals, or anus in the course of penile penetration will be subsumed. Thus, indecency by exposure may or may not be a part of sexual assault or indecency by contact, depending on the facts of the case.

*Patterson*, 152 S.W.3d at 91–92 (citing TEX. PENAL CODE ANN. § 3.03 (West 2011) (footnote omitted)). Patterson was indicted for five offenses: two different acts of sexual assault; two acts of indecency by contact; and one act of indecency by exposure. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.021 (West 2011). The testimony established Patterson twice assaulted the child victim over a short period of time. The Texas Court of Criminal Appeals affirmed the Austin Court of Appeals, which affirmed the two sexual assault convictions and one attempted indecency by contact, but reversed one indecency by contact and the indecency by exposure allegation. *Patterson*, 152 S.W.3d at 92. The court of appeals "correctly found that penetration required contact and reversed [the conviction for indecency by contact]. . . . The record . . . does not show an occasion during the assaults when the exposure was a separate offense. Under the facts of these incidents, exposure was incident to and subsumed by the aggravated sexual assault." *Id*.

This Court, in a factually similar matter, found a violation of the double jeopardy clause and reformed the judgment. *Belt v. State*, 227 S.W.3d 339, 345 (Tex. App.—Texarkana 2007, no pet.). The State agrees that the conviction for indecency, under the evidence of the case, cannot

be maintained along with the greater conviction for aggravated sexual assault of a child. The remedy here is to reverse the conviction for lesser charge of indecency with a child. We sustain Hendricks' first point of error and reverse the conviction for indecency with a child.

## III. Sufficiency of the Evidence—Date Alleged in Indictment

Hendricks alleges that an attempted amendment of the indictment was invalid and the evidence was insufficient to prove the date of the occurrence as described in the original indictment. We must first determine whether the attempted amendment was effective.

The original indictment alleged the offense occurred on or about August 17, 2009. About three weeks before trial, the State moved to amend the indictment, to allege the offense occurred on August 2, 2009.[3] No physical alteration to the indictment was made, and no photocopy with agreed changes was made part of the record. *See Puente v. State*, 320 S.W.3d 352, 357–58 (Tex. Crim. App. 2010) (although trial court approved parties' agreement to amend indictment, where no physical changes to indictment were made, and no amended photocopy, just handwritten changes to defendant's judicial confession, such did not amount to an amendment of indictment); *Riney v. State*, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000) (neither motion to amend indictment nor trial court's granting of that motion comprises amendment to indictment; motion and granting of motion simply are authorization of eventual amendment).

Amendment of a grand jury indictment has been addressed several times by the Texas Court of Criminal Appeals. *Puente*, 320 S.W.3d at 357–58; *Riney*, 28 S.W.3d at 566; *Ward v.*

---

[3]Mary's mother testified that events surrounding Mary's description of the assault occurred on August 2, 2009.

*State*, 829 S.W.3d 787 (Tex. Crim. App. 1992). While it is no longer required that the original indictment be interlineated, the authorities require that amendments be written documents filed in the record. Here, one might think an amendment was accomplished. The State filed a written motion asking to amend the date of the alleged criminal act; defense counsel announced in open court that the defendant had no objection to the amendment; finally, the trial judge stated, "The indictment then is amended by agreement." But no written document was filed in the record memorializing the trial court's ruling. While there may be other ways to amend an indictment, our present law requires that the amendment be memorialized in a written document. *Head v. State*, 299 S.W.3d 414, 438 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) (summarizing cases requiring written document). Based on the record before us, Hendricks is correct: the indictment was not amended. Therefore, the original indictment remained as the effective indictment.

Hendricks next argues that the evidence is insufficient to prove Hendricks "guilty of an act committed on August 17, 2009, when the proof, at best showed the alleged act was committed on August 2, 2009."

The State is not required to allege a specific date in an indictment. *Sledge v. State*, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997) (citing *Mitchell v. State*, 330 S.W.2d 459, 462 (Tex. 1959)). The "on or about" language is sufficient, so long as the act occurred before the date of the presentation of the indictment, but within the relevant limitations period. *Id.* at 256; *Thomas*

6

*v. State*, 753 S.W.2d 688, 693 (Tex. Crim. App. 1988). Even if the indictment was not properly amended, the original indictment alleged an offense date of August 17, 2009; the indictment was file-marked October 23, 2009. Mary was six years old at the time of trial. Mary's mother described events occurring on August 2, 2009, which suggests Mary's allegation occurred on that date. The record establishes the charged offense occurred before the presentment of the indictment and within the limitations period. *See generally* TEX. CODE CRIM. PROC. ANN. art. 12.06 (West 2005); art. 12.01 (West Supp. 2010) (presentment of indictment; statute of limitations). There was sufficient evidence to prove the indictment's allegation. Here, only one act was charged; since the State was not required to prove a particular date of the offense, the hypothetically correct jury charge would instruct the jury the State could prove that the charged offense was committed before, on, or after the date alleged in the indictment so long as the date was before the date of the indictment and within the applicable limitations period. *Ketchum v. State*, 199 S.W.3d 581, 589 (Tex. App.—Corpus Christi 2006, pet. ref'd) (citing *Mireless v. State*, 901 S.W.2d 458, 459 (Tex. Crim. App. 1995)). The evidence sufficiently provided such proof. Here, the jury charge required the State to prove all essential elements; analyzed in the construct of the hypothetically correct jury charge, the charge was not erroneous. Since the jury charge was not erroneous, to the extent that Hendricks claims jury charge error, we overrule that point.[4]

---

[4]Hendricks also incorrectly cites his burden, had charge error occurred. Hendricks claims he objected to the jury charge and thus would only have to establish some harm. *Abdnor v. State*, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994). The record shows Hendricks specifically said he had no objection to the trial court's charge. Were error

7

## IV. Jury Argument

In his third point of error, Hendricks complains of the following statement made by the prosecutor during closing argument:

> So this is  - -  I just tell you, there's no doubt in this case that the child was sexually assaulted.   None of the - - . . . .

Hendricks objected that the prosecutor was presenting his opinion to the jury; the trial court overruled the objection.

Permissible jury argument falls into one of four areas:   (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement.   *Cannady v. State*, 11 S.W.3d 205, 213 (Tex. Crim. App. 2000). Immediately before the statements of which Hendricks complains, the State discussed the consistency in what Mary had told her neighbor Hurst and what she told her parents and how Hendricks became a suspect and was charged.   The prosecutor reminded the jury that Mary had been subjected to a sexual assault examination, and "[t]his is not something you make up to have a sexual assault examination of a five-year-old little girl."   Leading into the complained-of argument, the prosecutor discussed the counseling Mary had received:

---

present, in the absence of a proper objection, Hendricks would have to demonstrate egregious harm.   *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

> She was in counseling for almost a year, since last August, counseling about this event, and the sexual assault committed upon her. So this is - - I just tell you, there's no doubt in this case that the child was sexually assaulted. None of the - -

At this point, Hendricks objected.

When viewed in the context of the State's full argument, we find the State was summarizing the evidence and making reasonable deductions from the evidence. One purpose of final statements is to allow advocates an opportunity to summarize the testimony heard by the jury and to attempt to persuade the jury that the evidence leads to certain reasonable deductions. As the trial court instructed the jury, "He can argue what he believes the evidence is or isn't. It's up to you to decide that issue." Lawyers are permitted to express reasonable deductions so long as they are based on the evidence in the record and do not constitute unsworn testimony. *Penry v. State*, 903 S.W.2d 715, 756 (Tex. Crim. App. 1995) (per curiam). We can find nothing in the State's argument expressing anything more than a summary of and deduction from the evidence, or at most, an opinion based on the evidence. *See Thieu Quang Bui v. State*, 964 S.W.2d 335, 345 (Tex. App.—Texarkana 1998, pet. ref'd) (although prosecutor expressed his opinion defendant was dangerous, opinion was based on evidence). The trial court did not err in overruling Hendricks' objection. We overrule the third point of error.

We reverse the conviction for indecency with a child and modify the judgment to delete that offense.   In all other respects, we affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:        August 8, 2011
Date Decided:          August 18, 2011

Do Not Publish