# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00515-CR

**Shaquan D. Campbell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 75719, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Shaquan D. Campell of aggravated assault with a deadly weapon for inflicting injuries on his former girlfriend, who is the mother of his nine-year-old daughter, during an altercation. *See* Tex. Penal Code § 22.02(a)(2). Appellant elected to have the trial court decide his punishment, *see* Tex. Code Crim. Proc. art. 37.07(2)(b), and the trial judge assessed appellant's punishment, enhanced by a prior felony conviction, *see* Tex. Penal Code § 12.42(b), at confinement for 50 years in the Texas Department of Criminal Justice, *see id.* § 12.32. In a single point of error on appeal, appellant challenges the sufficiency of the evidence relating to the prior conviction used to enhance his punishment. We affirm the trial court's judgment of conviction.

# DISCUSSION[1]

Appellant was charged by indictment with aggravated assault with a deadly weapon, a second degree felony. *See id.* § 22.02(b). The indictment contained two enhancement paragraphs alleging that appellant had been previously convicted of felony offenses: the first enhancement paragraph alleged a 2011 prior conviction for aggravated assault with a deadly weapon; the second enhancement paragraph alleged a 2011 prior conviction for possession of a controlled substance. Under the repeat-offender provision of the Penal Code, proof of either of these prior felony convictions enhanced the punishment range upon conviction to that of a first degree felony. *See id.* § 12.42(b).

During a pretrial hearing, the prosecutor orally moved to amend the first enhancement paragraph of the indictment, asking that the month of the date of conviction for the prior aggravated assault be changed from March to April. Appellant expressed that he did not object to the amendment, and the trial court granted the motion. The trial court offered appellant additional time to prepare for trial, *see* Tex. Code Crim. Proc. art. 28.10, but appellant waived the additional time, indicating that the change was "not that material."

After the jury found appellant guilty of the charged aggravated assault, the enhancement paragraphs were read aloud in open court.[2] Appellant pled "not true" to the first enhancement paragraph but "true" to the second enhancement paragraph. The trial court accepted

---

[1] Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

[2] When the prosecutor read the first enhancement paragraph, the amended date was used.

appellant's pleas. Because appellant had elected to have the court assess his punishment, the trial court ordered a presentence investigation and reset the case for sentencing.

At the beginning of the sentencing hearing, the prosecutor noted that the report from the presentence investigation documented the conviction alleged in the first enhancement paragraph and offered appellant the opportunity to change his plea. Otherwise, the prosecutor indicated, the State would bring in a fingerprint expert to fingerprint appellant and make a comparison to the judgment of conviction for that prior conviction. After discussion with his attorney, appellant changed his plea to the first enhancement paragraph to "true."[3] Relying on appellant's plea of true, the State did not call the fingerprint expert to prove up the prior conviction alleged in the first enhancement paragraph.

In his sole point of error, appellant argues that the evidence is insufficient to establish the prior conviction alleged in the first enhancement paragraph. He asserts that the amendment of the enhancement paragraph of the indictment did not comply with articles 28.10 and 28.11 of the Code of Criminal Procedure and, therefore, had no effect. Thus, he contends, because the enhancement paragraph of the indictment was not properly amended, he pled true to a "false" enhancement allegation. He maintains that, under this circumstance, his plea of true did not dispense with the State's need to offer proof of the prior conviction alleged in the enhancement paragraph.

_____

[3] The record indicates that appellant was initially confused about the prior conviction alleged in the first enhancement paragraph because he had received deferred adjudication community supervision for that offense. However, his community supervision was later revoked and appellant was adjudicated guilty. Appellant changed his plea to "true" because, after explanation from his attorney, appellant understood that he had been convicted when his community supervision was revoked and he was adjudicated guilty.

Consequently, he contends, because the State did not offer separate proof of the prior conviction, the evidence—his plea of true to a "false" allegation—was insufficient to support the trial judge's finding that the first enhancement paragraph was true.

The Code of Criminal Procedure allows for amendment of an indictment and supplies the procedure to be followed for successful amendment. *See* Tex. Code Crim. Proc. arts. 28.10 (specifying procedures for seeking leave to amend indictment), 28.11 (providing that all amendments of charging instrument "shall be made with the leave of the court and under its direction"). Neither the motion to amend itself nor the trial court's granting of that motion is an amendment; rather, the two together comprise the authorization for the eventual amendment of the charging instrument pursuant to article 28.10 of the Code of Criminal Procedure. *Puente v. State*, 320 S.W.3d 352, 358 (Tex. Crim. App. 2010); *Riney v. State*, 28 S.W.3d 561, 566 (Tex. Crim. App. 2000); *Ward v. State*, 829 S.W.2d 787, 793 (Tex. Crim. App. 1992), *overruled in part by Riney*, 28 S.W.3d at 566. A number of methods to amend an indictment have been approved by Texas courts. *See, e.g.*, *Riney*, 28 S.W.3d at 565–66 (holding that physical interlineation of original indictment is acceptable method of amending indictment, as is amended photocopy of original indictment incorporated into record under direction of trial court); *Barfield v. State*, 202 S.W.3d 912, 920–21 (Tex. App.—Texarkana 2006, pet. ref'd) (upholding amendment made by attaching document with text of amended charging language, which included language from State's motion to amend, to order granting amendment); *Westmoreland v. State*, 174 S.W.3d 282, 287 (Tex. App.—Tyler 2005, pet. ref'd) (concluding that order granting motion to amend that included language of original indictment, amended as requested in State's motion, was sufficient to amend indictment).

4

Regardless of the method used, however, to be valid, the amendment must be granted by the trial court and the language of the amended indictment must be memorialized in written form in the record. *See Guerrero-Acosta v. State*, No. 13-17-00560-CR, 2018 WL 5832097, at *5 (Tex. App.—Corpus Christi Nov. 8, 2018, no pet.) (mem. op., not designated for publication) ("While the methods for amending an indictment may vary, it is clear that a written amendment, standing alone or incorporated into the motion or order, must be included in the record for the amendment to be valid."); *Tata v. State*, 446 S.W.3d 456, 461 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) ("A written amendment must be submitted to the trial court and included in the record to be valid."); *Hendricks v. State*, No. 06-11-00037-CR, 2011 WL 3612276, at *2 (Tex. App.—Texarkana Aug. 18, 2011, pet. ref'd) (mem. op., not designated for publication) ("While it is no longer required that the original indictment be interlineated, the authorities require that amendments be written documents filed in the record. . . . While there may be [multiple] ways to amend an indictment, present law requires that the amendment be memorialized in a written document."); *Head v. State*, 299 S.W.3d 414, 437 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd) ("[T]he language of the amended indictment must be memorialized in a written document and the amendment must be granted by the trial court.").

Here, the State made an oral request to amend the first enhancement paragraph of appellant's indictment, appellant did not object, the trial court orally granted the request on the record, and appellant later entered a plea of true to the amended allegation in open court. Appellant contends, though, that the indictment was never amended because "no written amendment to the indictment, in whatever form, was submitted to the trial court for approval and included in the

5

record." *See Johnson v. State*, 214 S.W.3d 157, 158 (Tex. App.—Amarillo 2007, no pet.) ("[W]e note that authority holds an oral motion to amend coupled with the trial court's decision to grant it falls short of a valid amendment under article 28.10."); *Valenti v. State*, 49 S.W.3d 594, 597–98 (Tex. App.—Fort Worth 2001, no pet.) (holding same).

Appellant, however, appears to have overlooked the amended indictment in the clerk's record. The clerk's record initially submitted to this Court omitted the amended indictment. However, the State brought the omission to the district clerk's attention, *see* Tex. R. App. P. 34.5(c)(1) (providing that party may direct trial court clerk to prepare, certify, and file in appellate court supplement containing relevant item omitted from clerk's record), and a supplemental record was filed in this Court. The supplemental clerk's record contains a copy of the indictment upon which the trial judge marked through the word "March," which was at the end of a line, wrote the word "April" in the margin of the page next to the marked through "March," and also wrote her initials and the date of the amendment (the date the court granted the State's oral motion to amend on the record) next to the alteration.[4]

Interlineation—the actual, physical alteration of the face of the charging instrument—is one of the effective means of accomplishing an amendment. *See Riney*, 28 S.W.3d at 566; *Ward*, 829 S.W.2d at 794. We therefore conclude that the enhancement paragraph of the indictment was properly amended in this case. Once amended and properly incorporated into the record, the amended indictment became the official indictment. *See Tata*, 446 S.W.3d at 461–62;

---

[4] In a letter accompanying the supplemental clerk's record, the clerk explained that the clerk's office inadvertently selected the scanned copy of the original indictment instead of the scanned copy of the amended indictment when preparing the clerk's record for this appeal.

*cf. Riney*, 28 S.W.3d at 565–66. Therefore, appellant's plea of true to the first enhancement paragraph of the amended indictment constituted sufficient evidence of the prior conviction alleged. *Wood v. State*, 486 S.W.3d 583, 587 (Tex. Crim. App. 2016) (reaffirming that "[a] plea of 'true' will satisfy the State's burden of proving an enhancement allegation" if there is affirmative evidence in record showing defendant's plea of true); *Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984) ("If, however, a defendant pleads 'true' to the enhancement paragraph[,] the State's burden of proof is satisfied. The plea of 'true' is sufficient proof."); *Ricks v. State*, No. 03-04-00044-CR, 2005 WL 910186, at \*1 (Tex. App.—Austin Apr. 21, 2005, pet. ref'd) (mem. op., not designated for publication) ("A plea of true to an enhancement allegation constitutes evidence and is in itself sufficient to satisfy the State's burden of proof."). Accordingly, we overrule appellant's sole point of error.

## CONCLUSION

Concluding that the evidence was sufficient to establish the prior conviction alleged in the amended enhancement paragraph of the indictment, we affirm the trial court's judgment of conviction.

_____

Edward Smith, Justice

Before Justices Baker, Triana, and Smith

Affirmed

Filed: February 28, 2019

Do Not Publish

7