In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00148-CR**
_____

**JAMES RUSSEL CLYMER JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR34236**

**MEMORANDUM OPINION**

The State indicted James Russel Clymer Jr. for Continuous Sexual Abuse of

a Child, a first-degree felony. *See* Tex. Penal Code § 21.02(b). Pursuant to a plea

bargain agreement, Clymer pled guilty to the lesser included offense of aggravated

sexual assault of a child. *See* Tex. Penal Code § 22.021(a)(2)(B). On April 17, 2019,

the trial court sentenced Clymer to 60 years in the Institutional Division of the Texas

Department of Criminal Justice. Clymer timely filed a notice of appeal. The trial

court certified that this was a plea-bargain case and Clymer had no right of appeal except as to punishment.

The attorney appointed to represent Clymer in his appeal filed an *Anders* brief which asserted that the attorney diligently reviewed the record and found no meritorious claims on which to appeal Clymer's sentence and that any appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744–45 (1967); *High v. State*, 573 S.W.2d 807, 810–13 (Tex. Crim. App. [Panel Op.] 1978). Clymer was provided an opportunity to file his own *pro se* brief, and he did not do so.

We have independently reviewed the record, and we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support an appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (stating that the reviewing court must determine whether arguable grounds for review exist). The Court concludes it is unnecessary for us to order appointment of new counsel to re-brief this appeal. *Cf. id.*. As no arguable grounds exist to support the appeal, we affirm the trial court's judgment.

We note that the trial court's judgment reflects an offense date of November 6, 2018. This date is incorrect as the indictment lists the offense dates of "on or about

the 1st day of September 2007 through the 5th day of December 2017."[1] Clymer pled guilty and signed a plea agreement with the following language "The allegations in the charging instrument are true and correct. I committed the offense alleged in the charging instrument and any lesser included offenses thereof." Accordingly, in the "Date of Offense" section of the trial court's judgment, we delete "11-06-2018" and reform it to read "On or about the 1st day of September, 2007, through the 5th day of December, 2017." *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993) (noting courts of appeals have authority to modify a judgment). As modified, we affirm the trial court's judgment.

AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on October 1, 2019
Opinion Delivered October 30, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[1] The trial court was not required to amend the indictment in this case because aggravated sexual assault of a child is a lesser included offense of continuous sexual abuse of a child. *See Puente v. State*, 320 S.W.3d 352, 356–357 (Tex. Crim. App. 2010) (explaining that because the defendant plead guilty to a lesser included offense of aggravated sexual assault of a child, "the original indictment was already, without the necessity of an amendment, sufficient to authorize the conviction" of the lesser included offense).