

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00032-CR
_____

REGINALD DWAYNE MELTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law
Navarro County, Texas
Trial Court No. C34415-CR; Honorable Amanda Putman, Presiding

January 13, 2015

## OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Reginald Dwayne Melton, was convicted of the offense of possession of a controlled substance, penalty group one, under one gram, in a drug-free zone, enhanced by a prior felony conviction.[1]  The jury assessed Appellant's sentence at

---

[1] *See* TEX. PENAL CODE ANN. §§ 12.33, 12.42(a) (West 2011 and Supp. 2014).  *See also* TEX. HEALTH AND SAFETY CODE ANN. §§ 481.115(b), 481.134(d) (West 2010 and West Supp. 2014).  As enhanced, the offense was punishable by confinement in the Texas Department of Criminal Justice for any term of not more than 20 years or less than 2 years and by a fine not to exceed $10,000.

confinement for a term of fifteen years confinement and a fine of $15,000. The trial court entered a judgment assessing a sentence of fifteen years confinement and a fine of $10,000. By three issues, Appellant contends the trial court erred by (1) admitting evidence of an incriminating statement made by him, (2) admitting evidence of an extraneous offense and (3) reforming an illegal sentence. We affirm in part and reverse and remand in part.

BACKGROUND

On May 16, 2012, in response to an informer's tip that drugs were being sold from Appellant's residence, officers of the Corsicana Police Department and the Navarro County Sheriff's Department conducted a "knock and talk" investigation. During that encounter, they entered the home and obtained consent to search from Appellant's wife. As a result of that search, the officers located what they believed to be a controlled substance, specifically methamphetamine. When confronted with that evidence, Appellant stated that while he had used "meth" in the past, the substance found in his bedroom was not his. Appellant contested the introduction of this statement through both a pretrial motion to suppress and by numerous objections at trial.

During trial, the State also attempted to introduce evidence of some batons found at Appellant's residence. Evidence established the batons had been stolen or were missing from Navarro College Police Academy. Appellant objected to the introduction of evidence concerning the batons on grounds that it violated Rules 401, 403 and 404(b) of the Texas Rules of Evidence. The trial court overruled those objections and allowed the introduction of the evidence with a limiting instruction.

2

At the conclusion of the trial, the jury found Appellant guilty of possession of a controlled substance, to-wit: methamphetamine, under one gram, in a drug-free zone. The indictment contained an enhancement paragraph and at the beginning of the punishment phase of trial, Appellant entered a plea of "Not True" as to that enhancement. The State then offered evidence of a prior felony conviction for the offense of delivery of a controlled substance. The *Charge of the Court* at the punishment phase instructed the jury as follows:

> You are instructed that if you find beyond a reasonable doubt that the allegation of the Enhancement is "True," you will assess the punishment of the defendant at confinement in the Institutional Division of the Texas Department of Criminal Justice for not less than two (2) years nor more than twenty (20) years. In addition thereto, you may assess a fine in any amount not to exceed $20,000.

In addition, the printed portion of the verdict form provided:

> And we assess his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for ___ (Write in any term between 2 and 20 years).

> In addition thereto we assess a fine of $_____ (Write in any amount between $0 and $20,000).

The jury found the enhancement allegation to be true and assessed Appellant's sentence at fifteen years confinement and a fine of $15,000. After the court received the verdict, read it aloud in open court and polled the individual jurors but before the jurors were released, the prosecutor raised a question concerning the maximum allowable fine. Realizing that the charge of the court incorrectly advised the jurors as to the appropriate range of any fine, the judge reformed the judgment to reflect the maximum fine allowable by law and then, in open court, individually asked the jurors, "Do you accept and approve my reformed verdict for the fine being $10,000?"

Receiving no objections, the judge then crossed through the jury's hand-written fine of $15,000, interlineated the amount of $10,000, and placed her initials on the verdict form. A judgment was then entered assessing a sentence of fifteen years confinement and a fine of $10,000. Appellant brings this appeal raising three issues.

ISSUE ONE – ADMISSION OF INCRIMINATING STATEMENT

Appellant contends the trial court erred in admitting testimony concerning his statement to the investigating officers regarding his prior use of methamphetamine because its admission (1) violated article 38.22 of the Texas Code of Criminal Procedure and (2) constituted the improper introduction of an extraneous offense. As to the first argument, the State contends the statement was not the result of a custodial interrogation. As to the second argument, the State contends the evidence was admissible or, alternatively, if inadmissible, it was harmless.

ARTICLE 38.22

Article 38.22 of the Texas Code of Criminal Procedure dictates that no oral statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless: (1) an electronic recording of the statement is made and (2) prior to the statement but during the recording, the accused is given certain statutory warnings and knowingly, intelligently and voluntarily waives any rights set out in the warning. TEX. CODE CRIM. PROC. ANN. art. 38.22, section 3(a) (West Supp. 2014). Because this provision applies only to statements resulting from custodial interrogation, whether the trial court erred in the admission of Appellant's

4

statements under this article turns on the issue of whether he was in custody at the time the statement was made and whether the statement was in response to interrogation.

Determination of whether a person is in custody requires that we review the totality of the circumstances rather than a bright-line rule. The Court of Criminal Appeals has stated that there are four general situations that may constitute "custody" for purposes of article 38.22:

(1) The suspect is physically deprived of his freedom of action in any significant way;

(2) A law enforcement officer tells the suspect he is not free to leave;

(3) Law enforcement officers create a situation that would leave a reasonable person to believe that his freedom of movement has been significantly restricted; and

(4) There is probable cause to arrest the suspect, and law enforcement officers do not tell the suspect he is free to leave.

*Gardner v. State*, 306 S.W.3d 274, 294 (Tex. Crim. App. 2009).

Generally, a person is considered to be "in custody" for purposes of a custodial interrogation, if a reasonable person, under the same or similar circumstances, would not feel free to disregard the officer's question and walk away. *California v. Hodari D.*, 499 U.S. 621, 628, 111 S. Ct. 1547, 113 L. Ed. 2d 690 (1991); *Hunter v. State,* 955 S.W.2d 102, 105 (Tex. Crim. App. 1997). Interrogation consists of any words or actions on the part of the police that are reasonably likely to elicit an incriminating response. This definition of interrogation focuses primarily upon the perceptions of the suspect and not the intent of the police. Therefore, if the person making the statement does not perceive the officer's words or actions as being reasonably likely to elicit an

incriminating response, then such statement or activity of the officer is not interrogation. *Moran v. State,* 213 S.W.3d 917, 922-23 (Tex. Crim. App. 2007). To determine whether a defendant voluntarily spoke with law enforcement, the court must determine "whether the officer engaged in conduct designed to elicit an incriminating response from the accused . . . ." *State v. Maldonado*, 259 S.W.3d 184, 191 (Tex. Crim. App. 2008).

Here, after obtaining consent to search Appellant's home, officers proceeded to search various rooms in the house. During this time, Appellant and his wife were not restrained in any way. They were not told they were in custody and they were not required to stay in any particular location. They were allowed to freely talk and move about their residence during the search and they retained the right to revoke their consent and request the officers to cease their search. After one of the officers located what he believed to be a baggie containing methamphetamine, he stepped into the room where Appellant was seated and showed his discovery to one of the other officers. At that point, without any question being asked, Appellant voluntarily stated that, although he had used methamphetamine in the past, this particular baggie was not his. The officers later found various items (syringes, roach clips, bent spoons and glass pipes) they described as drug paraphernalia. When the officers completed their search, they left Appellant's residence without making an arrest. Under these facts, we find Appellant was not in custody when he made the statement in controversy.

Furthermore, even if we were to assume for purposes of argument that Appellant was in custody, the evidence fails to support his contention that his statement was made in response to any interrogation by the police officers conducting the search.

6

Under these facts, the requirements of article 38.22 were not implicated and the trial court's decision to admit evidence of Appellant's statements was not error.

EXTRANEOUS OFFENSE

Appellant further contends the trial court erred in admitting evidence of his statement because that statement was evidence of an extraneous offense, which was inadmissible under the Texas Rules of Evidence. *See* TEX. R. EVID. 404(b). Under Rule 404(b), evidence of other crimes, wrongs, or bad acts is not admissible if it is offered to prove the character of a person in order to show action in conformity therewith, though it may be admissible for other purposes. *Id.* Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court. Thus, a trial court's ruling on the admissibility of extraneous offense evidence is reviewed under an abuse of discretion standard. *See Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). *See also McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005). As long as the trial court's ruling is at least within the zone of reasonable disagreement, the appellate courts will not intercede. *See Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). *See also Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002) (no abuse of discretion if decision on admission of evidence is supported by the record). A trial court's ruling is generally within the zone of reasonable disagreement if the evidence shows that (1) an extraneous offense is relevant to a material, non-character conformity issue and (2) the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury.

*Montgomery*, 810 S.W.2d at 377. In this regard, evidence of an extraneous offense may be admissible for the purpose of showing intent or knowledge. *Id.*

Here, the State was required to establish that Appellant knowingly or intentionally possessed a controlled substance, to-wit: methamphetamine. As a logical prerequisite to proving knowing possession, the State was entitled to establish "the accused knew the matter possessed was contraband." *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). Appellant's statement that he had used methamphetamine in the past tends to establish that he knew the substance was in fact methamphetamine, especially considering the fact that the officers never said anything about suspecting the substance in the bag was methamphetamine. Because the trial court's decision to admit the statement as relevant, admissible evidence was within the zone of reasonable disagreement, the trial court did not err in overruling Appellant's objections to that evidence. Issue number one is overruled.

ISSUE TWO – ADMISSION OF ITEMS OF STOLEN PROPERTY

By his second issue, Appellant contends the trial court erred in allowing the introduction of physical items of evidence found at his home (batons), which were established as having been stolen, because those items had nothing to do with the charge of possession of a controlled substance. Appellant again relies on evidence Rules 403 and 404(b) to contend this evidence was inadmissible because, other than their presence at the residence, there was no evidence to establish whether they were stolen, how they got there, who put them there, or how they were linked to the possession of a controlled substance. *See* TEX. R. EVID. 403, 404(b). The State argues

the evidence was admissible for purposes of showing Appellant's awareness of the contents of his residence or, alternatively, if inadmissible, any error was harmless.

Having established that the batons in question had been stolen from the Navarro College Police Academy, the State argued that the purchase, sale or trade of contraband was "highly correlated" with the drug trade. The State also argued that the possession of such contraband was indicative of Appellant's knowledge of the contents of his residence. In allowing the admission of this evidence over Appellant's objection, the trial court issued a limiting instruction advising the jury to only consider the evidence if it found Appellant had committed a wrongful act, and even then only for the limited purpose of determining whether he "had knowledge and control of the contents of his home." Although the relevance of this evidence is questionable, we have examined the record as a whole and, under the facts of this case, we have a fair assurance that the trial court's decision to admit evidence of the stolen batons was within the zone of reasonable disagreement. Accordingly, the trial court did not err in overruling Appellant's objections to that evidence. Furthermore, even if we were to assume the trial court erred in admitting this particular evidence, we are also confident that such error would not have influenced the verdict of the jury and is harmless. *See* TEX. R. APP. P. 44.2(b). As such, issue number two is overruled.

ISSUE THREE – ILLEGAL SENTENCE

Finally, Appellant contends the trial judge erred by imposing her own sentence when she reformed the jury's verdict, changing the amount of the fine from $15,000 to $10,000. Appellant contends the trial court should have omitted the fine altogether

because the fine, as assessed, constituted "punishment not authorized by law." On the other hand, the State argues that the proper remedy is for the fine to be reformed by deleting that portion of the fine in excess of the maximum fine authorized by law. Accordingly, it takes the position that the actions of the trial judge were in conformity with the requirements of the law. We conclude that neither Appellant's nor the State's position is viable.

Here, the original unaltered jury verdict assesses a period of confinement authorized by law and a fine not authorized by law. By statute, both trial courts and this Court are required to reform a jury's verdict to "omit the punishment not authorized by law." *See* TEX. CODE CRIM. PROC. ANN. art. 37.10(b) (West 2006). Where, as here, a jury has returned a verdict that does not conform to the law applicable to the case, a trial court can "instruct a jury to retire to reconsider the verdict if it does not comply with the charge, the indictment, or the punishment allowed by the statute." *Muniz v. State*, 573 S.W.2d 792, 794 (Tex. Crim. App. 1978). While our Court of Criminal Appeals has held that a trial court can ask the jury to *retire to reconsider its verdict*, it has never allowed a judge to become personally involved in the jury deliberation process by recommending a reformed sentence and then calling for a vote of the jurors in open court to confirm that recommendation. Such a procedure offends our constitutional concepts of the right to trial by jury, the secrecy of jury deliberations, and the defendant's right to have a jury free from outside influences. Accordingly, because the trial judge in this case did not correct the improper instructions and then request the jury to retire to reconsider its verdict, we are faced with a situation where the jury's verdict imposes punishment not authorized by law.

Even though trial and appellate courts are required to reform a jury's verdict to "omit the punishment not authorized by law," they cannot exercise discretion vested solely in the jury to actually determine the appropriate punishment to be assessed. *See Montes v. State*, No. 07-98-00376-CR, 1999 Tex. App. LEXIS 5041, at *5 (Tex. App.—Amarillo July 8, 1999, no pet.) (mem. op., not designated for publication) (remanding cause for a new hearing on punishment where the period of confinement assessed by the jury exceeded the maximum sentence authorized by law). Because we reject the option chosen by the trial judge to correct the erroneous verdict by participating in the deliberation process, we are faced with four options: (1) omit the fine altogether as punishment not authorized by law and affirm the judgment as modified, (2) omit the excess fine as punishment not authorized by law and affirm the judgment as modified, (3) affirm the judgment of conviction, but reverse the judgment of punishment and remand the matter to the trial court for a new hearing on punishment as to both the period of confinement and the fine, or (4) affirm the judgment of conviction, but reverse the judgment of punishment as to the fine only and remand the matter to the trial court for a new hearing on punishment as to the fine only.

Upon first blush, it appears the option preferred by article 37.10(b) would be to "omit the punishment not authorized by law," i.e., omit the fine. This option seems untenable because the jury clearly intended to assess a fine in this case. Likewise, the option of omitting only the excess portion of the fine seems equally untenable. The period of confinement chosen by the jury was three-quarters of the maximum period of incarceration allowed by law. If we were to only eliminate the "excess" portion of the fine, how do we know that, if left to their own devices, the jurors would not have

11

assessed Appellant's fine at $7,500—three-quarters of the maximum fine allowed by law? The point is—we just don't know. Had the judge remanded the jury back to the jury room to reconsider its own verdict in light of corrected instructions, we would be faced with a different scenario. As it is, the only thing we know for certain is that, given incorrect instructions as to the range of punishment, the jury assessed a verdict not authorized by law.

In *Montes,* the jury's verdict assessed a period of confinement that exceeded the maximum confinement authorized by law. In that case, the appellate court did not omit the period of confinement altogether, or even the excess period of confinement, but instead remanded the case to the trial court for a new punishment hearing. *Montes*, 1999 Tex. App. LEXIS 5041, at *6. Similarly, we find the jury's verdict cannot be corrected by merely eliminating either the fine altogether or the excess portion of the fine assessed.

We are, therefore, faced with the options of reversing and remanding for a new punishment hearing as to both confinement and fine, or as to the fine only. Article 37.10(b) contemplates that a jury can assess more than one type of punishment, to-wit: "punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense . . . ." Because this statutory provision contemplates the situation where the period of confinement is authorized by law and the amount of the fine is not authorized by law, we conclude the Legislature intended to allow the reformation of a judgment as to the issue of the fine only. Because we conclude the fine cannot simply be reduced to the maximum fine allowed by law for the reasons previously stated, Appellant's third issue is sustained in part.

CONCLUSION

The judgment of conviction is affirmed, the judgment of punishment as to the period of confinement is affirmed, the judgment of punishment as to the fine is reversed, and the cause is remanded to the trial court for a new punishment hearing on the issue of the fine, if any, to be imposed.


Patrick A. Pirtle
Justice


Publish.