

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-00032-CR
_____

REGINALD DWAYNE MELTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law
Navarro County, Texas
Trial Court No. C34415-CR; Honorable Amanda Putman, Presiding

February 12, 2015

## ORDER DENYING MOTION FOR REHEARING

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

On January 13, 2015, this Court affirmed Appellant's conviction for the offense of possession of a controlled substance.[1] At the same time, we affirmed in part and reversed and remanded in part the assessment of punishment—affirming the period of confinement, but reversing and remanding the fine assessed. Via his *Motion for*

---

[1] *Melton v. State*, No. 07-13-00032-CR, __ S.W.3d __, 2015 Tex. App. LEXIS 266 (Tex. App.—Amarillo Jan. 13, 2015, no pet. h.).

*Rehearing*, Appellant contends that a unified punishment hearing as to both the period of incarceration and amount of fine must be held upon remand. Due to the unusual but potentially recurring nature of the arguments being made, we write to support our reasoning for denying Appellant's motion.

By his original brief, Appellant contended that when a verdict assesses punishment that is both authorized and not authorized, the verdict should be reformed to omit the punishment that is not authorized by law and a judgment should be entered that assesses only that punishment authorized by law. Appellant argued that, should we affirm his conviction but find error in the punishment assessed, this Court should affirm the sentence of 15 years and delete the fine of $15,000. On rehearing Appellant contends the proper remedy is to remand the case for a new hearing as to all punishment. As applied to this case, Appellant contends he should receive a new punishment hearing as to both confinement and fine, when we have found error as to the fine only.

Based on the punishment verdict rendered by the jury in this case, prior to the enactment of article 37.10(b) of the Texas Code of Criminal Procedure, Appellant would have been entitled to a new punishment hearing as to both the period of confinement and the amount of the fine. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (West Supp. 2014). However, effective June 11, 1985, the Legislature amended article 37.10 by adding subparagraph (b), which provides as follows:

> If the jury assesses punishment in a case and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not

2

authorized by law. If the trial court is required to reform a verdict under this subsection and fails to do so, the appellate court shall reform the verdict as provided by this subsection.

Act of May 17, 1985, 69th Leg., R.S., ch. 442, § 1, 1985 Tex. Gen. Laws 1577.

Under this provision, a court is required to differentiate between punishment that is authorized by law and punishment that is not authorized. As to punishment that is authorized by law, a court is to leave that punishment in place, while reforming the verdict and judgment as to the unauthorized punishment. Appellant's argument that he should receive a new punishment hearing as to both the period of confinement and the amount of the fine would render meaningless the provisions of article 37.10(b) which clearly differentiates between different forms of punishment.

Because article 37.10(b) differentiates between a period of confinement that is authorized by law and a fine that is not authorized by law, we conclude that we are not only authorized but required to address each form of punishment separately. Having found error only in the assessment of the fine, our remand is limited solely to that issue. Appellant's *Motion for Rehearing* is denied.

Patrick A. Pirtle
Justice

Publish.

3