PD-0714-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/11/2015 1:30:47 AM
Accepted 6/11/2015 4:30:34 PM
ABEL ACOSTA
CLERK

NO. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_____

MICHAEL ALLEN CHAMBERLIN, PETITIONER

VS.

THE STATE OF TEXAS

_____

PETITION IN CAUSE NO. 5332 FROM THE 100TH JUDICIAL
DISTRICT COURT OF CARSON COUNTY, TEXAS
AND
THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF
TEXAS OF AMARILLO, TEXAS, NO. 07-14-00011-CR

_____

PETITION FOR DISCRETIONARY REVIEW

_____

FILED IN
COURT OF CRIMINAL APPEALS

June 11, 2015

ABEL ACOSTA, CLERK

Respectfully submitted,

BIRD, BIRD & RABE
ATTORNEYS AT LAW
P.O. BOX 1257
CHILDRESS, TEXAS 79201

BY: /s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.,
ATTORNEY FOR PETITIONER

TELEPHONE NO.:    940-937-2543
FACSIMILE NO.:    940-937-3431
E-MAIL: birdbirdrabe@gmail.com
STATE BAR NO.:    24027638

## IDENTITY OF THE JUDGE, PARTIES, AND COUNSEL

1. The trial court presiding judge was the Honorable Stuart Messer, 100th Judicial District Judge, who may be served with process at P.O. Box 887, Clarendon, Texas 79226, Facsimile No. 806-874-5146.

2. The Petitioner, Michael Allen Chamberlin, is currently incarcerated in the Texas Department of Criminal Justice - Institutional Division, and may be served with process herein at the address of his court appointed appellate counsel and he is represented herein by the undersigned counsel whose address is shown on the front cover of this brief.

The Petitioner, Michael Allen Chamberlin, was represented at trial by Mr. Earl Griffin, Jr., who may be served with process at his address 127 Avenue B, NW,, Childress, Texas 79201, Facsimile No. 940-937-6020.

3. The Appellee, the State of Texas, is represented on appeal and was represented at trial

2

by Luke Inman, 100th Judicial District Attorney, 800 West Avenue, Box 1, Wellington, Texas 79095, Facsimile No. 866-233-2738.

# TABLE OF CONTENTS

Identity of the Judge, Parties, and Counsel    2

Table of Contents    4

Index of Authorities    5

Statement Regarding Oral Argument    6

Statement of the Case    7

Statement of Procedural History    8

Ground for Review:    8

    IS A JUDICIAL CONFESSION, SIGNED BY THE TRIAL COURT AND FILED FIVE DAYS AFTER A PLEA, NOT INTRODUCED INTO EVIDENCE, AND NO JUDICIAL NOTICE TAKEN DURING TRIAL OR A MOTION TO ADJUDICATE GUILT HEARING, SUFFICIENT EVIDENCE TO ESTABLISH GUILT OF AN OFFENSE PURSUANT TO ARTICLE 1.15 OF THE TEXAS CODE OF CRIMINAL PROCEDURE?

Argument    8

Prayer for Relief    12

Appendix    13

Certificate of Compliance    14

Certification of Service    14

INDEX OF AUTHORITIES

**STATUTES**

TEX. CODE CRIM. PROC. art 1.15 (West 2015)          9

TEX. PENAL CODE ANN. § 12.34 (West 2011)          11

TEX. PENAL CODE ANN. § 21.11(a)(2) (West 2011)          11

**CASE LAW**

*Jones v. State*, 373 S.W.3d 790          9, 10
(Tex. App.—Houston [14th Dist.] 2012, no pet.)

*McDougal v. State*, 105 S.W.3d 119          11
(Tex. App.—Fort Worth 2005, pet. ref'd)

*Menefee v. State*, 287 S.W.3d 9, 13          9
(Tex. Crim. App. 2009)

NO. _____

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

_____

MICHAEL ALLEN CHAMBERLIN, PETITIONER

VS.

THE STATE OF TEXAS

_____

PETITION IN CAUSE NO. 5332 FROM THE 100TH JUDICIAL
DISTRICT COURT OF CARSON COUNTY, TEXAS
AND
THE COURT OF APPEALS FOR THE SEVENTH DISTRICT OF
TEXAS OF AMARILLO, TEXAS, NO. 07-14-00011-CR

_____

**PETITION FOR DISCRETIONARY REVIEW**

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL

APPEALS OF TEXAS:

STATEMENT REGARDING ORAL ARGUMENT

The ground for review herein involves

interpretation of multiple opinions from the courts

of appeals. Oral argument may prove helpful to the

Court.

6

STATEMENT OF THE CASE

The Petitioner, Michael Allen Chamberlin, was indicted for aggravated sexual assault of a child. Petitioner pleaded guilty to the lesser included offense of indecency with a child and was afforded ten years deferred adjudication probation. The stipulation of evidence signed by Petitioner described indecency with a child by exposure, a third degree felony. The judicial confession signed by the Petitioner was never offered into evidence, judicial notice was never taken of the clerk's file, and the judicial confession was not signed by the trial judge until several days after the plea. Petitioner never testified. The case proceeded on the state's motion to adjudicate guilt of the Petitioner. The trial court granted the state's motion to adjudicate guilt and assessed punishment at 20 years imprisonment in the Texas Department of Criminal Justice. The court of appeals reformed the judgment to reflect Petitioner was sentenced to

7

indecency with a child by sexual contact, a second degree felony, and affirmed the judgment as reformed. This Petition challenges that holding.

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals rendered its decision reforming the judgment of the trial court and affirming the conviction as reformed on April 16, 2015.

Petitioner filed his Motion for Rehearing on May 1, 2015.

Petitioner's Motion for Rehearing was overruled on May 12, 2015.

## GROUND FOR REVIEW

IS A JUDICIAL CONFESSION, SIGNED BY THE TRIAL COURT AND FILED FIVE DAYS AFTER A PLEA, NOT INTRODUCED INTO EVIDENCE, AND JUDICIAL NOTICE NOT TAKEN DURING TRIAL OR A MOTION TO ADJUDICATE GUILT HEARING, SUFFICIENT EVIDENCE TO ESTABLISH GUILT OF AN OFFENSE PURSUANT TO ARTICLE 1.15 OF THE TEXAS CODE OF CRIMINAL PROCEDURE?

## ARGUMENT

It is respectfully submitted that the court of appeals erred in holding that the judicial

8

confession, standing alone, that was not signed and filed with the clerk until five days after the plea, was not admitted into evidence, and was never judicially acknowledged, was sufficient evidence to convict Petitioner of indecency with a child by sexual contact pursuant to Article 1.15 of the Texas Code of criminal procedure.

Article 1.15 of the Texas Code of Criminal Procedure provides that a court may not enter a conviction in a felony case based on a guilty plea unless evidence is presented establishing guilt in addition to and independent of the plea. Tex. Code Crim. Proc. art 1.15 (West 2015); *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009).

In the case at bar the court of appeals cites the premise that a judicial confession need not be offered into evidence as long as it has been approved by the court and appears in the record. *Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.). However, the

*Jones* court did not rely on the judicial confession that was not introduced into evidence during sentencing in affirming the trial court, the court of appeals specifically stated, "we need not consider whether the written confession could nonetheless substantiate the guilty plea because the evidence adduced during the sentencing hearing was sufficient to substantiate the plea." *Id.* This case is distinguishable, there was no other evidence offered during sentencing to substantiate the finding of guilt for the second degree offense of indecency with a child by sexual contact as Petitioner did not take the stand and testify. Moreover, the judicial confession in this case was not signed by the trial judge and filed with the clerk until five days after the plea. CR 66; CR 72.

Furthermore, case law contradictory to *Jones* exists. In *McDougal v. State* the court of appeals held that "the contents of the clerk's record are not evidence unless the trial court takes judicial

10

notice of them or they are offered into evidence." *McDougal v. State*, 105 S.W.3d 119, 120-21 (Tex. App.—Fort Worth 2005, pet. ref'd). The evidence in the case at bar is uncontroverted, the trial court never took judicial notice of the clerk's record and the judicial confession was not offered into evidence.

The only evidence in the case at bar independent of the plea of guilty was the stipulation of evidence signed by Petitioner and introduced into evidence which is sufficient to establish Petitioner's guilt of the third degree felony of indecency with a child by exposure. TEX. PENAL CODE ANN. § 21.11(a)(2) (West 2011). Therefore, the maximum sentence the trial court could have imposed was ten years in the Texas Department of Criminal Justice and a $10,000.00 fine. TEX. PENAL CODE ANN. § 12.34 (West 2011).

Based on the foregoing, Petitioner respectfully requests this Honorable Court grant his Petition for Discretionary Review.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, the Petitioner respectfully prays this Court grant this Petition and, upon reviewing the judgment entered below, reverse this cause and remand this case for sentencing within the guidelines for a third degree felony.

Respectfully submitted,

BIRD, BIRD & RABE
ATTORNEYS AT LAW
P.O. BOX 1257
CHILDRESS, TEXAS 79201

BY: /s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.,
ATTORNEY FOR PETITIONER

TELEPHONE NO.:   940-937-2543
FACSIMILE NO.:   940-937-3431
E-MAIL: birdbirdrabe@gmail.com
STATE BAR NO.:   24027638

12

APPENDIX

1.  Letter from Court of Appeals April 16, 2015

2.  Judgment, Trial Court's Rulings Affirmed

3.  Memorandum Opinion

13

## CERTIFICATE OF COMPLIANCE

I hereby certify that the above and foregoing Petition for Discretionary Review is 1,524 words in its completion, signed on this the 11th day of June, 2015, in accordance with the rules governing same.

/s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition for Discretionary Review was delivered as indicated below on this the 11th day of June, 2015, to the following:

Mr. Luke Inman                    VIA E-SERVICE
District Attorney
800 West Avenue, Box 1
Wellington, Texas   79095

Mr. Michael Chamberlin            VIA CMRRR
TDCJ #01905877                    70140510000127094887
1391 FM 3328
Tennessee Colony, Texas   75880

/s/ Dale A. Rabe, Jr.
DALE A. RABE, JR.

14



**Court of Appeals**

Seventh District of Texas
Potter County Courts Building
501 S. Fillmore, Suite 2-A
Amarillo, Texas 79101-2449
www.txcourts.gov/7thcoa.aspx

BRIAN QUINN
Chief Justice

JAMES T. CAMPBELL
Justice

MACKEY K. HANCOCK
Justice

PATRICK A. PIRTLE
Justice

VIVIAN LONG
Clerk

MAILING ADDRESS:
P. O. Box 9540
79105-9540

(806) 342-2650

April 16, 2015

Dale A. Rabe
BIRD, BIRD & RABE
P.O. Box 1257
Childress, TX 79201-1257
* DELIVERED VIA E-MAIL *

Luke McLean Inman
District Attorney
800 West Ave Box 1
Wellington, TX 79095
* DELIVERED VIA E-MAIL *

**RE:** Case Number: 07-14-00011-CR Trial Court Case Number: 5332
**Style:** Michael Chamberlain v. The State of Texas

Dear Counsel:

The Court this day issued an opinion and judgment in the captioned cause. TEX. R. APP. P. 48.

In addition, pursuant to Texas Government Code, Sec. 51.204(b)(2), exhibits on file with this Court, **if any**, will be destroyed three years after final disposition of the case or at an earlier date if ordered by the Court.

Very truly yours,

*Vivian Long*
VIVIAN LONG, CLERK

xc:    Honorable Stuart Messer (DELIVERED VIA E-MAIL)
       Celeste Bichsel (DELIVERED VIA E-MAIL)

FILE COPY

No. 07-14-00011-CR

| | | |
|---|---|---|
| Michael Chamberlain<br>  Appellant | § | From the 100th District Court<br>  of Carson County |
| | § | |
| v. | | April 16, 2015 |
| | § | |
| The State of Texas<br>  Appellee | § | Opinion Per Curiam |
| | § | |

**J U D G M E N T**

Pursuant to the opinion of the Court dated April 16, 2015, it is ordered, adjudged and decreed that the judgment of the trial court is reformed as set forth in the opinion and affirmed.

Inasmuch as this is an appeal *in forma pauperis*, no costs beyond those that have already been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o



In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-14-00011-CR

_____

MICHAEL ALLEN CHAMBERLAIN, APPELLANT

V.

STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Carson County, Texas
Trial Court No. 5332; Honorable Stuart Messer, Presiding

April 16, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

In this case we are once again faced with an issue concerning the imposition of an arguably illegal sentence based on deficiencies that went unnoticed by the trial judge, prosecutor, and defense counsel.[1] Appellant, Michael Allen Chamberlain,

---

[1] See Grado v. State, No. 07-11-00468-CR, 2013 Tex. App. LEXIS 7989 (Tex. App.—Amarillo 2013) (mem. op., not designated for publication), (affirmed by Grado v. State, 445 S.W.3d 736 (Tex. Crim. App. 2014); Melton v. State, No. 07-13-00032-CR, 2015 Tex. App. LEXIS 266 (Tex. App.—Amarillo Jan. 13, 2015,  no pet.) (mem. op., not designated for publication).

contends the judgment of the trial court should be set aside and the case remanded because there is no evidence supporting the order originally placing him on deferred adjudication community supervision for the second degree felony offense of indecency with a child by sexual contact. We affirm the judgment of the trial court.

PROCEDURAL BACKGROUND

Because the disposition of this case does not require a detailed review of the facts underlying the offense, we limit our discussion to the procedural facts pertinent to the appeal. In that regard, on May 9, 2013, Appellant was charged by indictment with two counts of aggravated sexual assault, a first degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2014). On September 27, 2013, pursuant to a plea bargain, Appellant entered a plea of guilty to the lesser-included offense of "indecency with a child"—and this is where the issue in this case begins. That is so because there are two types of indecency with a child: (1) indecency with a child *by exposure*,[2] a third degree felony, and (2) indecency with a child *by sexual contact*,[3] a second degree felony—and the plea bargain agreement did not specify which offense applied. Appellant contends he pleaded guilty to indecency with a child *by exposure*, whereas the State takes the position that he pleaded guilty to indecency with a child *by sexual contact*. As discussed below, both positions have some merit; however, after considering the entire appellate record, we ultimately conclude the trial court was dealing with a plea agreement pertaining to the lesser-included offense of indecency

---

[2] *See* TEX. PENAL CODE ANN. § 21.11(a)(2) (West 2011).

[3] *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West 2011).

with a child by sexual contact, and we will address the sufficiency issue pertinent to this appeal from that perspective.[4]

At the September 27th hearing, pursuant to the agreed plea recommendation, Appellant executed and filed a *Stipulation of Evidence* which states:

> On or about the 14th day of March, 2013, in Carson County, Texas, [Appellant] did then and there with intent to arouse or gratify the sexual desire of the defendant, intentionally or knowingly *expose* the defendant's genitals knowing that [the victim], a child younger than 17 years of age, was present. (Emphasis added).

This stipulation describes the offense of indecency with a child by exposure. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (West 2011). Conversely, the stipulation does not describe the offense of indecency with a child by sexual contact. *See id.* at § 21.11(a)(1) (West 2011).

In addition to the stipulation, Appellant signed another document entitled *Waivers of Parties,* which included a paragraph entitled *Judicial Confession*, which states:

> I, the defendant, state that I have read the indictment or information filed in this case and that I committed each and every allegation it contains. I am guilty of the offense alleged *as well as all lesser included offenses*. I swear to all of the foregoing and I further swear that all testimony I give in this case will be the truth, the whole truth, and nothing but the truth, so help me God. (Emphasis added).

---

[4] In *Evans v. State*, 299 S.W.3d 138 (Tex. Crim. App. 2009), the Court of Criminal Appeals held that indecency with a child by sexual contact is a lesser-included offense of aggravated sexual assault of a child when both offenses are predicated on the same act. *Id.* at 143. The court explained why this is true despite the fact that the indecency offense contains what might appear to be an extra element of intent to arouse or gratify sexual desire. *See id.* at 141-43. The court reasoned that "intent to arouse or gratify sexual desire" was not an extra element because it was already part of the definition of "sexual contact," and sexual contact was a form of touching subsumed within the "penetration" required to prove aggravated sexual assault. *Id.*

Although the *Waiver of Parties* document contained a paragraph entitled *Order on Waivers and Judicial Confession*, which included a signature line for the "Presiding Judge," the copy of that document filed September 27th does not bear the signature of the trial judge. Interestingly, however, a copy of the same document filed October 2, 2013, does contain the judge's signature.

Complicating matters further, the *Punishment Recommendations* signed by the district attorney, defense counsel, and Appellant on September 27th indicates that the State is recommending "[p]rosecution for lesser included offense of INDECENCY WITH A CHILD – PC 22.11(a) – A 2ND DEGREE FELONY" and a recommendation of ten years deferred adjudication community supervision in exchange for Appellant's plea of guilty. The problem here is that section 22.11(a) of the Texas Penal Code does not describe the second degree felony offense of indecency with a child at all—instead, it describes the third degree felony offense of harassment by persons in certain correctional facilities. Because section 21.11 of the Texas Penal Code does describe the offense of indecency with a child, we must assume the difference between 22.11 and 21.11 is but a scrivener's error, another lack of attention to detail.

But wait, the confusion does not stop there. At the hearing on the original plea, for reasons that completely escape us, the trial court conducted three pleas, of three separate defendants, with three separate defense counsel, from two separate counties, in one consolidated proceeding. At the commencement of that proceeding, the following exchange occurred:

4

THE COURT: The Court further calls Carson County Cause Number 5332, the State of Texas versus Michael Allen Chamberlain. State?

[Appearances made.]

DEFENSE COUNSEL: [Defense counsel] for the Defendant, Your Honor. We're ready under an agreed plea recommendation.

* * *

THE COURT: How do you plead to the first degree felony offense of aggravated sexual assault of a child?

DEFENSE COUNSEL: Judge, we're pleading under a lesser-included indecency charge, under the recommendation.

* * *

THE COURT: Let me back up a little bit. Mr. Chamberlain, if I accept you plea to a second degree felony, a second degree of indecency has a maximum punishment of 20 years and a minimum punishment of two. And again, there can be a fine not to exceed $10,000.

Do you understand that?

DEFENDANT: Yes, sir.

* * *

THE COURT: How do you plead to the lesser-included second degree felony offense of indecency with a child --

DEFENDANT: True.

THE COURT: -- guilty or not guilty?

DEFENDANT: Guilty.

5

After several admonishments to the various defendants, the proceeding continued with this exchange:

THE COURT: And in Mr. Chamberlain's case?

PROSECUTOR: Your Honor, in that case, Cause Number 5332 out of Carson County, the plea bargain would be ten years deferred adjudication with a fine of $1,000, court costs of $665.

When it came time to offer evidence to support Appellant's plea, this additional exchange occurred:

PROSECUTOR: Thank you. Your Honor, in the Chamberlain case, 5332 out of Carson County, Your Honor, we would offer the States Stipulation of Evidence which is State's Exhibit 1, bearing the Defendant's signature in the middle of the page, Your Honor.

State's Exhibit 1, the *Stipulation of Evidence* referenced above, only admits to the offense of indecency with a child by exposure. Without the introduction of any other evidence relevant to Appellant's plea, the record continues with the following statement:

PROSECUTOR: Your Honor, that's all the evidence the State would offer, at this time, in all three cases. The State would rest and close in all three cases, Your Honor.

During the plea proceeding, no inquiry was made of Appellant concerning the facts necessary to substantiate the offense of indecency with a child by sexual contact and no testimony from any other source was offered. Although the *Judicial Confession* appears of record, it is never mentioned. Towards the conclusion of the multi-plea proceeding, the trial court continued:

6

THE COURT:    In Cause Number 5332 out of Carson County, I find there is sufficient evidence to find the Defendant, Michael Allen Chamberlain, guilty beyond a reasonable doubt of the second degree lesser-included offense of indecency with a child.

Pursuant to the plea agreement announced, and based on nothing other than the plea of guilty, the stipulation of evidence and the judicial confession, the trial court suspended the imposition of sentence and placed Appellant on deferred adjudication community supervision for a term of ten years.[5]   Adding further complication to the already confusing plea agreement, the *Order of Deferred Adjudication* recites the offense as "indecency with a child, a lesser included offense than alleged in the indictment," pursuant to Penal Code "section 22.11(a)(2)," a "second degree felony." Again, as stated above, 22.11(a)(2) is harassment in a correctional facility; whereas, 21.11(a)(2) is indecency with a child by exposure.   Because the record of the plea clearly reflects both the trial court and Appellant were discussing a plea to a second degree felony, again we assume the difference between subsection (a)(2) and subsection (a)(1) is nothing more than another example of a long line of scrivener's errors.

Forty days after being placed on deferred adjudication community supervision, the State filed a motion to adjudicate.   A hearing was held on January 14, 2014, and

---

[5] A defendant convicted of the offense of indecency with a child by sexual contact pursuant to section 21.11(a)(1) of the Texas Penal Code is not eligible for deferred adjudication community supervision unless the judge makes a finding in open court that placing the defendant on community supervision is in the best interest of the victim. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (West Supp. 2014).  Even though no such finding was made in this case (another lapse of attention to detail), the trial court's failure to do so is not grounds to set aside the plea, deferred adjudication, or any subsequent conviction or sentence. *Id.*

7

Appellant entered a plea of "not true" to the allegations contained in the State's motion. During the revocation hearing the following exchange took place:

THE COURT: The Court calls Carson County Cause Number 5332, the State of Texas versus Michael Allen Chamberlain.

[Appearances made.]

THE COURT: And this is an aggravated sexual assault of a child case?

DEFENSE COUNSEL: No, Your Honor.

PROSECUTOR: Your Honor, it's a plea to a lesser included --

THE COURT: Lesser included.

PROSECUTOR: -- on indecency with a child, a second degree felony with a regular punishment range of --

THE COURT: Of two to 20?

PROSECUTOR: Yes, Your Honor.

THE COURT: [Defense Counsel], do you concur it's a two to 20 on an indecency?

DEFENSE COUNSEL: Yes. Indecency with a child is a second degree felony, two to 20.

Following the presentation of evidence pertaining to alleged violations of the conditions of community supervision, the trial court revoked Appellant's deferred adjudication and entered a finding of guilt, not as to the offense of indecency by exposure, but rather as to the offense of indecency by sexual contact. The trial court then assessed Appellant's sentence at the maximum period of confinement for that offense, to-wit: twenty years. The written *Judgment Adjudicating Guilt* repeated the same errors that appeared in the *Order of Deferred Adjudication*, reciting the offense as

8

"indecency with a child," pursuant to section "22.11(a)(2)," a "2ND degree felony." Again, we construe these inconsistencies as additional scrivener's errors—the correct recitation being "indecency with a child by sexual contact," pursuant to section 21.11(a)(1), a second degree felony.

By his sole issue, Appellant contends his conviction is "void" because the only evidence supporting the conviction is State's Exhibit 1, the *Stipulation of Evidence,* which only confesses to the lesser-included offense of indecency with a child by exposure.[6]  In response, the State contends (1) Appellant agreed to enter a plea of guilty to the offense of indecency with a child by sexual contact and (2) while the *Stipulation of Evidence* is insufficient to support a conviction as to that offense, the written judicial confession filed of record compensates for that deficiency.

Based on the totality of the record before us, we begin our analysis with a finding that, notwithstanding the inconsistencies and deficiencies that appear of record, both the trial court and Appellant contemplated a plea to a lesser-included, second degree felony offense of indecency with a child by sexual contact, and the trial court orally pronounced guilt as to that offense (albeit, not specifying the offense to be indecency with a child by sexual contact).[7]  While we see issues with both the stipulation of evidence and the judicial confession, we find the overall record supports the trial court's

---

[6] Appellant does not raise, and we do not address, any issues concerning the effective assistance of counsel or the voluntariness of his plea, issues more appropriately suited to an article 11.07, *habeas corpus* proceeding.  See TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014).

[7] When a trial court's oral pronouncement of sentence conflicts with the written judgment, the oral pronouncement controls.  *Ex parte Madding,* 70 S.W.3d 131, 135 (Tex. Crim. App. 2002) (citing TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (West Supp. 2014)).  In such circumstances, this Court should reform the judgment to reflect the sentence pronounced.  *Id.* at 137.

judgment. Because we ultimately conclude the evidence supports the judgment entered, we will affirm.

ANALYSIS

Under the Code of Criminal Procedure, the State is obligated to "introduce evidence into the record" of a defendant's guilt, and trial courts are not permitted to render a conviction without evidence establishing a defendant's guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15. *See also Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). In that regard, an oral plea of guilty alone is insufficient because "even if the defendant states that he or she is pleading guilty to the charges in the indictment under oath, [a guilty plea] does not constitute a judicial confession because the defendant is merely entering a plea, 'not confessing to the truth and correctness of the indictment or otherwise providing substance to the plea." *Baggett v. State,* 342 S.W.3d 172, 174 (Tex. App.—Texarkana 2011, pet. ref'd) (quoting *Menefee,* 287 S.W.3d at 13, 15). As such, Appellant's guilt is not sufficiently supported by his plea of guilty alone.

Evidence establishing a defendant's guilt sufficient to satisfy the statutory requirements of article 1.15 "may take many forms," including a "written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy." *Menefee,* 287 S.W.3d at 13. *See also* TEX. CODE CRIM. PROC. ANN. art. 1.15 (providing that evidence establishing guilt may be stipulated to by the defendant). When considering the sufficiency of a written stipulation of evidence, the stipulation will be sufficient if "it embraces every constituent element of the charged offense." *Menefee*, 287 S.W.3d at 13. Conversely, a stipulation that fails to establish every

10

element of the offense does not authorize a conviction.  *Id.* at 14.  Here, Appellant contends his stipulation of evidence is deficient because it does not provide proof of sexual contact, an element essential to a finding of guilt of indecency with a child by sexual contact.  While the State does not disagree with Appellant's contention that the stipulation is deficient, it contends the deficiency is one of form which may be compensated for by other competent evidence in the record.  *Dinnery v. State*, 592 S.W.2d 343, 352 (Tex. Crim. App. 1980).  While we agree with Appellant that the stipulation of evidence in this case does not support a finding of guilt as to the offense of indecency with a child by sexual contact, we also agree with the State that other evidence may satisfy the requirements of article 1.15.

PLEA OF GUILTY AND ORAL TESTIMONY AT TRIAL

As stated above, Appellant's oral plea of guilty alone does not satisfy the requirement that the State introduce evidence to establish his guilt.  Furthermore, Appellant's oral testimony at trial does not compensate for the lack of evidence supporting the plea because Appellant never testified at the plea hearing and never verbally acknowledged any act constituting sexual contact.  As such, neither Appellant's plea of guilty nor his statements at trial are sufficient to satisfy the requirements of article 1.15.

JUDICIAL CONFESSION

A sworn written confession acknowledging guilt as to the offense charged may, however, constitute a form of permissible evidence that will satisfy the requirements of article 1.15.  *Menefee,* 287 S.W.3d at 13.  "A written judicial confession provides

*evidentiary* support for a plea of guilty to the charges alleged in the indictment or to some lesser included offense of that which is alleged in the indictment." *See Puente v. State,* 320 S.W.3d 352, 358 (Tex. Crim. App. 2010) (citing *Menefee,* 287 S.W.3d at 13). *See also Stewart v. State*, 12 S.W.3d 146, 148 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (explaining that a "judicial confession alone is sufficient to sustain a conviction" and that a "judicial confession may take the form of an affirmative acknowledgment by the defendant that the indictment was true and correct"). In that regard, it is well established that a judicial confession alone is sufficient to support a plea of guilty. *Dinnery v. State*, 592 S.W.2d at 352.

A judicial confession need not be offered into evidence to support a plea of guilty as long as it has been approved by the court and appears in the record. *See Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.) *But see McDougal v. State*, 105 S.W.3d 119, 120-21 (Tex. App.—Fort Worth 2005, pet. ref'd) (stating that the contents of the clerk's record are not evidence unless the trial court takes judicial notice of them or they are offered into evidence). Here, the trial court did not sign the document containing the judicial confession and that document was not offered into evidence, referred to, or otherwise recognized by judicial notice at any time during the plea hearing; however, it does appear in the appellate record and as such, we find it constitutes some evidence supporting Appellant's plea of guilty.

Although the stipulation of evidence in this case is deficient with respect to the element of sexual contact and the record is devoid of any direct testimony which might compensate for that deficiency, we nevertheless conclude the judicial confession, when considered in conjunction with Appellant's acknowledgments to the trial court made in

12

open court, sufficiently support the trial court's finding of guilt as to the lesser-included second degree felony offense of indecency with a child by sexual contact. Accordingly, Appellant's issue is overruled.

CONCLUSION

Despite an imprecise and somewhat misleading plea agreement, a stipulation that describes another offense, a convoluted plea hearing, the failure to offer the written confession into evidence or conclusively establish that the trial court considered it, a probation order that describes the wrong statutory basis of conviction and defers an adjudication of guilt as to an offense not generally eligible for deferred adjudication, and a judgment that repeats the wrong penal code section found in the order of deferred adjudication, we hereby reform the judgment to reflect the offense of conviction to be indecency with a child by sexual contact and the operable statute to be Penal Code section 21.11(a)(1). As reformed, we affirm the judgment of conviction.

Per Curiam

Do not publish.