**Opinion issued December 20, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00298-CR

———————————

## KYLE LINDSEY SMITH, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Case No. 15CR1834

## MEMORANDUM OPINION

A jury found appellant, Kyle Lindsey Smith, guilty of the felony offense of

driving while intoxicated, third offense.[1]  After he pleaded true to the allegations in

---

[1]     *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (Vernon Supp. 2016).

two enhancement paragraphs that he had twice been previously convicted of felony offenses, the jury assessed his punishment at confinement for fifty years and a fine of $5,000. In his sole issue, appellant contends that the trial court erred in assessing a fine against him that is not authorized by law.

We modify the trial court's judgment and affirm as modified.

## Background

A Galveston County Grand Jury issued a true bill of indictment, alleging that appellant, on or about April 29, 2014, "did then and there operate a motor vehicle in a public place while [he] was intoxicated by reason of the introduction of alcohol or a controlled substance or a drug or a dangerous drug or a combination thereof into the body." Further, it alleged that prior to the commission of the offense, on April 20, 2016, in cause number 253813 in the County Court at Law No. 1 of Galveston County, Texas, and on March 30, 2009, in cause number 285602 in the County Court at Law No. 2 of Galveston County, Texas, he was convicted "of an offense relating to the operating of a motor vehicle while intoxicated."

After the jury found appellant guilty of the felony offense of driving while intoxicated, third offense, he pleaded true to the allegations in two enhancement paragraphs that he had twice been previously convicted of felony offenses. The trial court then, in regard to punishment, instructed the jury, in pertinent part:

2

Having found the Defendant, KYLE LINDSEY SMITH, guilty of Driving While Intoxicated – 3rd offense or more, it now becomes your duty to assess the punishment in this case.

The first enhancement paragraph of the indictment further alleges that the Defendant was previously convicted on or about the 5th day of December, 1989, in Cause No. 89crl621 in the 212th Judicial District Court of Galveston County, Texas for the offense of Kidnapping.

The second enhancement paragraph of the indictment further alleges that the Defendant was previously convicted on or about the 28th day of October, 2011, in Cause No. 10CR3065 in the 56th Judicial District Court of Galveston County, Texas for the offense of possession of a controlled substance.

To these allegations, the Defendant has entered a plea of True.

You are therefore instructed to find that the allegations in the enhancement paragraphs are "True" and to assess punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of not less than twenty[-]five (25) years nor more than ninety[-]nine (99) years or life. In addition thereto, you, in your discretion, may, assess a fine in an amount not to exceed Ten Thousand Dollars ($10,000.00) in addition to confinement in the penitentiary.

The jury assessed appellant's punishment at confinement for fifty years and a fine of $5,000.

## Imposition of Fine

In his sole issue, appellant argues that the trial court erred in assessing a fine against him because it is not authorized by law. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2016). The State concedes that the trial court erred. Both

3

appellant and the State have requested that this Court reform the trial court's judgment.

As appellant correctly asserts, his punishment is governed by section 12.42(d), which provides:

> [I]f it is shown on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. . . .

TEX. PENAL CODE ANN. § 12.42(d). Notably, this section does not allow for a fine to be assessed against appellant. *See id.*; *Dolph v. State*, 440 S.W.3d 898, 908 (Tex. App.—Texarkana 2013, pet. ref'd) (section 12.42(d) does not allow imposition of fine); *see also Vela v. State*, No. 13-14-00249-CR, 2015 WL 1136182, at *4 (Tex. App.—Corpus Christi Mar. 12, 2015, no pet.) (mem. op., not designated for publication) (habitual-offender statute does not permit imposition of fine); *Frias v. State*, No. 03-12-00463-CR, 2014 WL 3410592, at *9–10 (Tex. App.—Austin July 10, 2014, pet. ref'd) (mem. op., not designated for publication) (same).

A sentence is illegal if it is not authorized by law. *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013); *Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002). When a jury assesses punishment in a case and, in the verdict, assesses punishment that is both authorized by law for the offense and is not

4

authorized by law for the offense, the reviewing court shall reform the verdict to omit the punishment that is not authorized by law.  *See* TEX. CODE CRIM. PROC. ANN. art. 37.10(b) (Vernon 2006); *Ex parte Johnson*, 697 S.W.2d 605, 607–08 (Tex. Crim. App. 1985) (following legislature's mandate and reforming portion of verdict not authorized by law); *Melton v. State*, 456 S.W.3d 309, 316 (Tex. App.—Amarillo 2015, no pet.) ("By statute, both trial courts and this Court are required to reform a jury's verdict to 'omit the punishment not authorized by law.'" (quoting TEX. CODE CRIM. PROC. ANN. art. 37.10(b))); *see also Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) ("A trial or appellate court which otherwise has jurisdiction over a criminal conviction may always notice and correct an illegal sentence.").  As the Texas Court of Criminal Appeals has noted, under article 37.10(b), a court, when faced with a "jury punishment verdict[] containing an unauthorized punishment provision[,] . . . has no choice but to reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law."  *Nixon v. State*, 483 S.W.3d 562, 565 (Tex. Crim. App. 2016).

Accordingly, we reform the verdict and modify the judgment of conviction to delete the unauthorized $5,000 fine assessed against appellant in this case.  *See* TEX. R. APP. P. 43.2(b); *see also Ex parte Johnson*, 697 S.W.2d at 608 (deleting fine improperly assessed).

We sustain appellant's sole issue.

**Conclusion**

We affirm the judgment of the trial court as modified.

Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).