

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-16-00189-CR

_____

JOHN MICHAEL WEATHERLY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 26,147-B; Honorable John B. Board, Presiding

March 31, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Following a plea of not guilty, Appellant, John Michael Weatherly, was convicted of possession of a controlled substance, specifically, methamphetamine, in an amount of less than one gram, a state jail felony, in a drug-free zone,[1] enhanced by two prior

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). The drug-free zone enhancement elevates punishment to a third degree felony. *Id.* at § 481.134(d)(1) (West Supp. 2016).

state jail felonies.[2]  The trial court sentenced Appellant to five years confinement.  In presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw.  We modify the judgment to reflect the correct plea of not guilty entered by Appellant, affirm as modified, and grant counsel's motion to withdraw.

In support of her motion to withdraw, counsel certifies she has conducted a conscientious examination of the record, and in her opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion.  *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Counsel has demonstrated that she has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief and appellate record to Appellant, (2) notifying him of the right to file a *pro se* response if he desired to do so, and (3) informing him of the right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[4]  By letter, this court granted Appellant an opportunity to exercise his right to file a response to counsel's brief, should

---

[2] TEX. PENAL CODE ANN. § 12.425(a) (West Supp. 2016).  Under the statute for habitual state jail felony offenders, punishment is increased to that of a third degree felony.

[3] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[4] Notwithstanding that Appellant was informed of his right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a *pro se* petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408 n.22 & 411 n.35.  The duty to send the client a copy of this court's decision is an informational one, not a representational one.  It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw.  *Id.* at 411 n.33.

he be so inclined.  *Id.* at 409 n.23.  Appellant did file a response raising ineffective assistance of counsel and other issues.  The State did not favor us with a brief.

BACKGROUND

On August 23, 2015, at approximately 9:00 a.m., Appellant was pulled over for an expired registration.  The officer approached Appellant's car and identified himself. He recognized Appellant from previous interactions and asked to search the car. Appellant consented and exited the car.  The officer found drug paraphernalia and asked Appellant for consent to search his person.  Appellant refused to be searched and the officer obtained and was granted authorization from his supervisor to arrest Appellant for possession of drug paraphernalia.[5]  The officer then searched Appellant incident to arrest.  The search revealed two very small baggies containing contraband rolled up inside a third bag inside the coin pocket of Appellant's pants.  Appellant was arrested for possession of methamphetamine.

At a bench trial, Appellant stipulated to admission of a Department of Public Safety lab report establishing that the contraband he possessed was methamphetamine in an amount of .64 grams.  He also stipulated to admission of a city map depicting the drug-free zone in which he was stopped.  His defense, however, which he and numerous witnesses testified to, was that a man named Daniel Sears had planted the contraband in his blue jeans when he borrowed his car.  The witnesses established that Appellant and Sears had a volatile relationship and that Sears had threatened Appellant on several occasions.

---

[5] TEX. HEALTH & SAFETY CODE ANN. § 481.125(a) (West 2010).  The offense is a Class C misdemeanor.  *Id.* at (d).

3

By the *Anders* brief, counsel thoroughly reviews pretrial, trial, and post-trial proceedings. She candidly concedes reversible error is not presented.

To prove that Appellant was guilty of possession of a controlled substance, the State was required to prove he (1) exercised "actual care, custody, control, or management" of the substance and (2) knew the matter he possessed was contraband. *See* TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2016). *See also Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005); *Melton v. State*, 456 S.W.3d 309, 315 (Tex. App.—Amarillo 2015, no pet.).

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

We have independently examined the record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's *pro se* response, we agree there

is no plausible basis (including matters raised by Appellant's response) for reversal of his conviction. *See Bledsoe*, 178 S.W.3d at 826-27.

REFORMATION OF JUDGMENT

In the *Anders* brief, counsel correctly requests that the judgment of conviction be modified to reflect Appellant's plea of not guilty. Under the summary portion of the judgment under Plea to Offense, it recites that Appellant entered a plea of "GUILTY"; the reporter's record, however, reflects that Appellant entered a plea of "not guilty."

This court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the record. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

CONCLUSION

We reform the summary portion of the judgment to reflect "Not Guilty" under Plea to Offense. Accordingly, as modified, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.

5